**Donald Leslie MUENNINK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–95–00414–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 9, 1996.

Rehearing Overruled Oct. 30, 1996.

Richard Lee Urban, Boerne, for appellant.

Anton Hackebeil, District Attorney, Uvalde, Jim Vollers, Austin, for appellee.

Before CHAPA, C.J., and HARDBERGER and GREEN, JJ.

## OPINION

HARDBERGER, Justice.

Appellant, Donald L. Muennink ("Muennink"), was convicted by a jury of aggravated assault. Muennink received a probated sentence of two years confinement. He appeals, contending that his trial counsel was ineffective, the trial court erred by excluding him from a pretrial proceeding, and he was denied his right to compulsory process for obtaining witnesses. We affirm the judgment of the trial court.

### Facts

This case arose out of a dispute over a piece of land that was part of Muennink's father's estate. Muennink and his sister were co-tenants with the estate in this piece of land, and the assault took place on this tract. Muennink and his sister each owned a one-fourth undivided interest in the land where the assault occurred, and the estate owned a one-half interest.

The complainant, Salome Flores ("Flores"), worked for one of Muennink's relatives who had leased the land for farming purposes from the executor of the estate of Muennink's father. Muennink had objected to the lease given by the estate because all of the proceeds of the lease were going to the executor and the executor had made no distribution of those proceeds to Muennink or his sister. The dispute over the proceeds of the lease prompted the assault in this case.

On October 31, 1994, Flores was farming the land in question and was approached by Muennink. At Muennink's request, Flores left the property on that day. The next day, however, Muennink returned to the property. The evidence is conflicting as to what transpired during this encounter. Flores testified that Muennink approached him in the field and told him he had tried to be nice to him the day before, but that now he was "going to have it." According to Flores, Muennink then pulled a gun and pointed it at him, threatening Flores and threatening to blow the windows off a tractor on the land. Muennink denied pulling a gun on Flores on November 1st and testified that he threatened to handcuff Flores and arrest him if he did not leave. Muennink was a certified police officer and was carrying a gun.

### Ineffective Assistance of Counsel

In his first and second points of error, Muennink asserts that his trial counsel was ineffective. In a claim that counsel provided ineffective assistance during the guilt-innocence phase of a trial, the defendant must show that counsel's performance was deficient and the deficiency prejudiced the outcome of the case. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994) (en banc). The defendant bears the burden of rebutting the presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. It is a difficult burden.

The operative standard for determining whether an accused has suffered a deprivation of his right to effective assistance of counsel is the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). To establish ineffective assistance of counsel, a convicted defendant must show: (1) his trial counsel's performance was deficient in that counsel made such serious errors that he was not functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Butler v. State*, 872 S.W.2d 227, 241 (Tex.Crim.App.1994) (en banc), *cert. denied*, ‒‒‒ U.S. ‒‒‒‒, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). A strong presumption exists that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Counsel's performance is judged by considering the " 'totality of the representation,' " not by isolated omissions or acts of the trial counsel. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App.1986) (en banc) (quoting *Ex parte Raborn*, 658 S.W.2d 602 (Tex.Crim. App.1983)), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). Counsel is not required to perform flawlessly, and ineffectiveness is not established solely by the fact that a different trial strategy may have been pursued by another attorney in hindsight. *Ybarra v. State*, 890 S.W.2d 98, 112 (Tex.App.—San Antonio 1994, pet. ref'd).

Muennink claims that his trial counsel was ineffective in that both of his trial attorneys: (1) failed to request a jury instruction regarding Muennink's protection-of-property defense under sections 9.41, 9.04, and 1.07 of the Texas Penal Code; (2) had a conflict of interest as material witnesses; (3) neglected to request that a record be made of various stages of the proceedings; and (4) failed to object when Muennink was asked to leave a pre-trial hearing on a motion to quash a subpoena. We will address each of these assertions in turn.

With respect to the omitted jury instruction, Muennink maintains that his trial counsel established during the trial that he had a right to lawful possession of the property on which the assault occurred, and that this evidence raised a statutory defense under sections 9.41[1],

---

**1.** Section 9.41 of the Texas Penal Code provides:
(a) A person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property.

9.04 [2], and 1.07 [3] of the Texas Penal Code that should have been presented to the jury. Taken together, these sections of the Penal Code provide that persons may use force or threats of force to defend property of which they have lawful possession against those that they reasonably believe to be trespassing or unlawfully interfering with the property.

The State argues that Muennink was not factually entitled to such a defensive justification. We agree. No evidence was presented at trial to show that the person at which the force or threat of force was directed, Flores, was either a trespasser or unlawfully interfering with Muennink's possession of the land. Muennink knew that Flores was on the property working for Muennink's relative who had leased the property from the executor of Muennink's father's estate. The estate had a one-half interest in the land. There is an absence of evidence that Muennink "reasonably believed" Flores was a trespasser or that he was unlawfully interfering with the property and that force was necessary to prevent or terminate a trespass or unlawful interference with the land. Muennink was apparently motivated by what he claimed to be incorrect distributions of lease payments concerning the land. Muennink's trial counsel could have logically concluded that there was no evidence from which the jury could find for Muennink upon submission of this issue.

Muennink further asserts that his trial counsel's assistance was ineffective because both of his trial attorneys had a conflict of interest in that they were material witnesses. This assertion is based on the fact that both attorneys had represented him in civil proceedings from which they had gained knowledge regarding his legal right to possession of the property. Muennink claims that the information his attorneys learned from representing him in the civil proceedings would have supported his defense if communicated to the jury in the form of an expert legal opinion. We cannot agree that these circumstances created a conflict of interest that rendered the assistance of Muennink's trial counsel ineffective. As the United States Supreme Court explained in *Cuyler v. Sullivan*, 446 U.S. 335, 349, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980), prejudice is shown in an ineffective assistance of counsel claim based on a conflict of interest when the defendant establishes that his trial counsel "actively represented conflicting interests" and that "a conflict of interest actually affected the adequacy of his representation." In this case, the fact that Muennink's attorneys could have testified in the form of expert legal opinions regarding his ownership interest in the land does not show that there was any breach of the duty of loyalty or a conflict of interest that adversely affected the attorneys' performance at trial. This case is distinguishable from the cases Muennink cites in his brief to this court. These cases involved potential conflicts of interest stemming from counsel's representation of codefendants with adverse interests. *See Calloway v. State*, 699 S.W.2d 824 (Tex.Crim. App.1985); *Foster v. State*, 693 S.W.2d 412 (Tex.Crim.App.1985); *Ex parte Acosta*, 672 S.W.2d 470 (Tex.Crim.App.1984); *Ex parte Parham*, 611 S.W.2d 103 (Tex.Crim.App. 1981); *Ex parte Alaniz*, 583 S.W.2d 380 (Tex.

---

(b) A person unlawfully dispossessed of land or tangible, moveable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary to reenter the land or recover the property if the actor uses the force immediately or in fresh pursuit after the dispossession and:

(1) the actor reasonably believes the other had no claim of right when he dispossessed the actor; or

(2) the other accomplished the dispossession by using force, threat, or fraud against the actor.

Tex. Penal Code Ann. § 9.41 (Vernon 1994).

**2.** Section 9.04 states:

The threat of force is justified when the use of force is justified by this chapter. For purposes of this section, a threat to cause death or serious bodily injury by the production of a weapon or otherwise, as long as the actor's purpose is limited to creating an apprehension that he will use deadly force if necessary, does not constitute the use of deadly force.

Tex. Penal Code Ann. § 9.04 (Vernon 1994).

**3.** Section 1.07 defines "reasonable belief" and reads as follows:

(42) "Reasonable belief" means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor.

Tex. Penal Code Ann. § 1.07(42) (Vernon 1994).

Crim.App.1979). Muennink's attorneys were not attempting to serve two masters; rather, they served only one master—Muennink. There is no evidence that a conflict existed.

■ Muennink next contends that his trial counsel's performance was deficient because his attorneys failed to request that the court reporter record voir dire, opening statements, a pre-trial hearing on a motion to quash a subpoena, and closing arguments. Muennink claims that he was harmed by counsel's failure to request a complete record in that he was (1) "denied ... any possibility of a meaningful appeal" and (2) cannot meet the test to show harm under his third point of error to this court, in which he argues that he was improperly excluded from a pre-trial hearing on a motion to quash. We cannot conclude that these omissions amounted to such serious errors so as to deprive Muennink of a fair trial under the *Strickland* standard. As this court has noted, "trial lawyers are not expected to be perfect" and it is only when the effect of counsel's errors undermine the concept of a fair trial that a conviction must be reversed based on ineffective assistance of counsel. *Green v. State,* 899 S.W.2d 245, 247–48 (Tex.App.—San Antonio 1995, no writ). It is true that there are minimum standards of advocacy that cannot be trespassed without undermining confidence in the outcome of a conviction and violating the Sixth Amendment guarantee of *effective counsel. The failure of Muennink's* trial counsel to verify that a complete record was being made in this case, however, does not fall below those minimum standards of advocacy and does not undermine our confidence in Muennink's conviction.

■ Finally, Muennink contends that his counsel's performance was deficient because his attorneys failed to object when he was excluded from a pre-trial hearing on a motion to quash a subpoena. Again, however, we believe that Muennink has failed to carry his burden of rebutting the presumption that his "counsel's conduct falls within the wide range of reasonable professional assistance." *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. It was within the range of counsel's professional judgment to conclude that Muennink's presence, and, there-

fore, an objection to his exclusion, were not necessary with regard to this pre-trial hearing.

Because we conclude that the totality of Muennink's representation at trial does not amount to ineffective assistance, Muennink's first and second points of error are overruled.

## Exclusion of Muennink from Pre-trial Hearing

In his third point of error, Muennink argues that it was error for the trial court to exclude him from a pre-trial hearing on a motion to quash a subpoena. The motion to quash the subpoena was filed by the subpoenaed witness, Mr. Tom Bracey. An in-chambers meeting was held in Muennink's absence between the trial judge, the prosecutor, and defense counsel. Muennink attempted to attend the in-chambers meeting, but the trial judge indicated that the conference was for attorneys only. Subsequently, a written order was entered reciting that a motion to quash "came on to be heard" on the day of the in-chambers meeting, and that the motion was granted. Muennink claims that his exclusion from this hearing violated Articles 28.01 and 1.05 of the Texas Code of Criminal Procedure, as well as Article I, Section 10 of the Texas Constitution.

The Texas Court of Criminal Appeals has held that, under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution, there is an absolute requirement within the scope of the right of confrontation that "a criminal defendant who is threatened with loss of liberty be physically present at all phases of proceedings against him, ... absent a waiver of that right through defendant's own conduct ..." *Baltierra v. State,* 586 S.W.2d 553, 556 (Tex.Crim.App.1979). Articles 1.05 and 28.01 of the Texas Code of Criminal Procedure also address the necessity of the defendant's presence at pre-trial proceedings. Article 1.05 states that "[i]n all criminal prosecutions the accused shall have ... the right of being heard by himself, or counsel, or both ..." Tex.Code Crim. Proc. Ann. art. 1.05 (Vernon 1981). Article 28.01, section 1, provides that "[t]he defendant must be

present at the arraignment, and his presence is required during any pre-trial proceeding." *Id.* art. 28.01, § 1.

Applying these principles to the instant case, two lines of inquiry are necessary to determine whether Muennink was improperly excluded from a pre-trial proceeding. The first is whether the events that transpired in Muennink's absence qualify as a "proceeding" for the purposes of Article 28.01. The second is whether Muennink was harmed by his exclusion from the in-chambers meeting.

■ In resolving the first question, several decisions of the Texas Court of Criminal Appeals are instructive. The first case to address the meaning of the term "proceeding" for purposes of Article 28.01 was *Riggall v. State,* 590 S.W.2d 460 (Tex.Crim.App. 1979). In *Riggall,* the court noted that "Article 28.01 does not speak to hearings alone but mandates the appearance of a defendant at 'any pretrial proceedings.'" *Id.* at 461. The order involved in *Riggall* denied the defendant's motion to dismiss, stated that it was heard on a specified day, and recited findings of fact and conclusions of law. *Id.* The court of criminal appeals determined that the recitations in the order indicated that some sort of proceeding had taken place at which the defendant should have been present. *Id.* Conversely, in *Malcom v. State,* 628 S.W.2d 790 (Tex.Crim.App.1982), the court decided that there had been no proceeding where the defendant's motion was overruled by a notation on the docket sheet, rather than by a written order indicating that some sort of proceeding had been held prior to the court's conclusions. *Id.* at 792. Finally, in *Adanandus v. State,* 866 S.W.2d 210 (Tex.Crim.App.1993), *cert. denied,* 510 U.S. 1215, 114 S.Ct. 1338, 127 L.Ed.2d 686 (1994), the court of criminal appeals held that an in-chambers, pre-trial meeting in which the trial judge overruled a motion by the defense, granted a request by the defense to make a bill of exceptions, and gave instructions regarding jury shuffling, strikes, and publicity constituted a pre-trial proceeding within the meaning of Article 28.01. *Id.* at 219.

Although the in-chambers meeting in this case differs slightly from that in *Riggall* and *Adanandus* because this was not a hearing on a motion filed by Muennink or his attorneys, we hold that the meeting was a "pre-trial proceeding" within the meaning of Article 28.01. The order entered denying the motion to quash the subpoena in this case clearly indicated that some sort of proceeding had taken place, and Muennink should have been present during that proceeding. Accordingly, the trial court erred in conducting the in-chambers meeting in Muennink's absence. The next issue to be resolved is whether the error was harmless.

■ The court of criminal appeals has provided the following guidance regarding the proper harm analysis when the defendant is excluded from pre-trial proceedings:

> Prior to the enactment of Rule 81(b)(2), we held that where the presence of the defendant does not bear "a reasonably substantial relationship to the opportunity to defend" no harm is shown by his absence.... The reasonably substantial relationship test is essentially a harm analysis, although it differs from Rule 81(b)(2).... Because the reasonably substantial relationship test predated Rule 81(b)(2), the issue arises as to whether or not it has been replaced by Rule 81(b)(2). The reasonably substantial relationship test seeks to determine the effect of the defendant's absence on the advancement of his defense, as opposed to Rule 81(b)(2) which seeks to determine the effect of the defendant's absence on the outcome of the trial or punishment proceeding. In light of the distinct focus of the two tests, we hold that Rule 81(b)(2) does not supplant the reasonably substantial relationship test, but rather should be applied in addition thereto.

*Adanandus,* 866 S.W.2d at 219–20. The *Adanandus* court ultimately concluded that no harm or prejudice was shown as a result of the defendant's absence because the defendant was represented by counsel at the meeting, the defendant's personal insight was not required to assist the court in ruling on the issues raised, and there was "no evidence that [the defendant] had any information, not available to the attorneys or the court, regarding any of the matters discussed at the

meeting." *Id.* at 220; *see also Lawton v. State,* 913 S.W.2d 542, 550 n. 4 (Tex.Crim. App.1995) (en banc).

Muennink was represented by his two attorneys at the in-chambers meeting. Although Muennink states in his brief that his testimony "obviously" would have been helpful in demonstrating why the motion to quash the subpoena should have been denied, there is no evidence that Muennink had any information not already available to his attorneys or the court that was relevant to the motion discussed at the meeting. Muennink has failed to demonstrate how his presence could have furthered his defense. Because Muennink's presence did not bear a "reasonably substantial relationship to the opportunity to defend," we find that no harm or prejudice has been shown as a result of his absence. *See Cooper v. State,* 631 S.W.2d 508, 512 (Tex.Crim.App.1982); *Mares v. State,* 571 S.W.2d 303, 307 (Tex.Crim.App.1978).[4] Moreover, we conclude beyond a reasonable doubt that Muennink's absence from the in-chambers meeting made no contribution to his conviction or punishment. *See* TEX. R.APP. P. 81(b)(2).

Muennink's third point of error is overruled.

### Right to Compulsory Process for Obtaining Witnesses

In his fourth and fifth points of error, Muennink contends that the trial court erred in denying him his right to compulsory process for obtaining witnesses in violation of the Texas and federal constitutions. Muennink argues that, by granting the motion to quash the subpoena of Bracey, the trial court unconstitutionally deprived him of the relevant testimony of a material witness.

■■■■ Article I, Section 10 of the Texas Constitution provides that criminal defendants have a right to "compulsory process for obtaining witnesses." TEX. CONST. art. I, § 10. Further, the Texas Court of Criminal Appeals has recognized that "the right of an accused to have compulsory process for ob-

taining witnesses in his behalf as guaranteed by the Sixth Amendment is so fundamental and essential to a fair trial that it is incorporated in the due process clause of the Fourteenth Amendment and is applicable to state trials." *Brito v. State,* 459 S.W.2d 834, 837–38 (Tex.Crim.App.1970) (citing *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967)); *see also Hardin v. State,* 471 S.W.2d 60, 62 (Tex.Crim.App. 1971). The right to compulsory process, however, is not absolute; rather, it is addressed to the trial court's discretion. *Drew v. State,* 743 S.W.2d 207, 225 n. 11 (Tex.Crim. App.1987) (en banc) (citing *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Ross v. Estelle,* 694 F.2d 1008 (5th Cir.1983)). Accordingly, a claim that the trial court improperly quashed a subpoena is reviewed for an abuse of discretion. *Id.; Coleman v. State,* 915 S.W.2d 80, 83 (Tex.App.—Waco 1996, pet. granted).

■■■■ In this case, we are unable to determine if the trial court abused its discretion in granting the motion to quash the subpoena of Mr. Bracey because Muennink has failed to present this court with a statement of facts from the hearing on the motion to quash. The burden is on the party seeking review to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP. P. 50(d); *State v. Pierce,* 816 S.W.2d 824, 831 (Tex.App.—Austin 1991, no writ). In the absence of a record of the hearing on the motion to quash, we must presume that the ruling of the trial court was correct and that the evidence supported the court's decision to quash the subpoena. *See Hardin,* 471 S.W.2d at 63. Muennink's fourth and fifth points of error are overruled.

The judgment of the trial court is in all things affirmed.

---

4. Both *Cooper* and *Mares* involved violations of TEX.CODE CRIM. PROC. ANN. art 33.03, which requires the defendant's presence at trial. The court of criminal appeals held in *Adanandus* that

the same rationale is applicable to violations of Article 28.01. *Adanandus,* 866 S.W.2d at 219–20.