**Gregory Lawrence MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–00–00069–CR.**

Court of Appeals of Texas, Tyler.

May 31, 2001.

Rehearing Overruled Oct. 18, 2001.

Discretionary Review Denied March 27, 2002.

---

Stanley T. Schwieger, Waco, for appellant.

Marcus D. Taylor, Quitman, for state.

Panel consists of DAVIS, C.J., WORTHEN and GRIFFITH, JJ.

WORTHEN, Justice.

Gregory Lawrence Moore was indicted for aggravated sexual assault of a child. The trial court found him guilty and assessed punishment at thirty years of confinement. Upon original appeal to this Court, we reversed and remanded the cause for a new trial on punishment only. *See Moore State,* 12–97–00374–CR (Tyler March 31, 1999, no pet.) (not designated for publication). On remand, the trial court again assessed a thirty year sentence and, additionally, ordered this sentence to run consecutively with a conviction obtained while this cause was on appeal. In four issues, Appellant asserts the trial court erred in ordering the sentences to run consecutively, in allowing expert testimony concerning fingerprint comparison evidence, and in quashing his requested subpoenas for witnesses at the punishment phase. Because the cumulation order was improper, we modify the judgment to delete that order. As modified, we affirm the judgment.

## CUMULATION ORDER

In his first issue, Appellant contends the trial court erred in cumulating the sentence in this case with the sentence in a conviction that occurred during the appeal and remand of this matter. The State agrees that the cumulation order was entered in error.

The trial court entered judgment finding Appellant guilty in this case on August 27, 1997. After later hearing evidence pertinent to the issue of punishment, the trial court imposed sentence on September 17, 1997. Appellant filed his notice of appeal in this Court on October 16, 1997. While that appeal was pending in this Court, Appellant was convicted of the offense of failure to appear. Judgment in the failure to appear case was entered on June 25, 1998. Our original opinion issued March

31, 1999. On remand, the trial court again assessed punishment at imprisonment for thirty years but additionally ordered that this sentence would not begin until the sentence in the failure to appear case had concluded.

■ The trial judge may, in his discretion, order a sentence imposed or suspended in a subsequent case to begin to run when the judgment and sentence imposed or suspended in a preceding conviction has ceased to operate. TEX.CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp.2001). Here, Appellant's conviction for aggravated sexual assault preceded his conviction for failure to appear. Therefore, it was an abuse of discretion for the trial court to order that the sentence for aggravated assault shall not begin until the sentence for failure to appear has ceased to operate. *See Pettigrew v. State,* 51 S.W.3d 297, 299 (Tyler 1999, pet. granted). We, therefore, modify the trial court's judgment to delete the order of cumulation. We sustain Appellant's first issue. Due to our disposition of Appellant's first issue, we need not address his second issue in which he asserts the trial court's act in cumulating the sentences was an act of vindictiveness. *See* TEX.R.APP. P. 47.1.

### FINGERPRINT IDENTIFICATION EVIDENCE

In his third issue, Appellant asserts the trial court erred in admitting expert testimony concerning fingerprint comparison evidence. Appellant contends the trial court did not follow the correct procedure for determining admissibility of the evidence and the testimony did not meet the requirements for the admission of expert testimony.

■ Preliminary questions concerning admissibility of evidence are determined by the trial court. *See* TEX.R. EVID. 104(a). This determination will not be disturbed absent a clear abuse of discretion. *Weath-erred v. State,* 15 S.W.3d 540, 542 (Tex. Crim.App.2000). Under Texas Rule of Evidence 702, the proponent of scientific evidence must show, by clear and convincing proof, that the evidence he is proffering is sufficiently relevant and reliable to assist the trier of fact in accurately understanding other evidence or in determining a fact in issue. TEX.R. EVID. 702; *Weatherred,* 15 S.W.3d at 542; *Kelly v. State,* 824 S.W.2d 568, 573 (Tex.Crim.App.1992). Once a particular type of scientific evidence is well established as reliable, a court may take judicial notice of that fact, thereby relieving the proponent of the burden of producing evidence on that question. *Weatherred,* 15 S.W.3d at 542 n. 4.

Initially, we address the State's allegation that Appellant did not properly preserve this complaint for our review. At the punishment phase, the State offered the testimony of Deputy Charles Houghton. Deputy Houghton explained that he had specialized training in identification of fingerprints. The prosecutor asked whether the prints contained in two pen packets matched the prints Deputy Houghton had taken from Appellant a few minutes earlier. Appellant objected that the witness had not been qualified under rule 702, improper predicate has been laid, and "that's a *Kelly* objection."

■ To preserve error an objection to the admission of evidence must state the specific grounds for the objection, if the specific grounds are not apparent from the context. TEX.R.APP. P. 33.1. An objection to an improper predicate that fails to inform the trial court exactly how the predicate is deficient will not preserve error. *Bird v. State,* 692 S.W.2d 65, 70 (Tex.Crim. App.1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986). Rule 702 and *Kelly* cover numerous requirements for the admission of expert testimo-

ny. *See Weatherred*, 15 S.W.3d at 542; *Kelly*, 824 S.W.2d at 573. An objection based on Rule 702 and *Kelly* is effectively a general objection to an improper predicate and is not specific. *Scherl v. State*, 7 S.W.3d 650, 652 (Tex.App.—Texarkana 1999, pet. ref'd). Appellant's objection did not adequately inform the trial court of the nature of his complaint and did not preserve the complaint for appellate review. *See id.* We shall, nonetheless, address the issue.

 Deputy Houghton testified regarding his experience and training and then stated his opinion that Appellant' fingerprints matched those in the pen packets. The testimony of a fingerprint expert identifying a defendant's fingerprints has long been sanctioned by the Texas Court of Criminal Appeals. *Grice v. State*, 142 Tex.Crim. 4, 151 S.W.2d 211, 221 (1941). This Court, as well as the trial court, may take judicial notice of the validity of fingerprint identification. *See Emerson v. State*, 880 S.W.2d 759, 764–65 (Tex.Crim. App.), *cert. denied*, 513 U.S. 931, 115 S.Ct. 323, 130 L.Ed.2d 284 (1994). The trial court was entitled to rely on the testimony coupled with judicial knowledge of the acceptance of fingerprint identification and determine that all requirements for the admission of the testimony were met. *Epps v. State*, 24 S.W.3d 872, 879–80 (Tex. App.—Corpus Christi 2000, pet. ref'd). Accordingly, the trial court did not abuse its discretion by admitting Deputy Hough-

ton's testimony.[1] We overrule Appellant's third issue.

## MOTION TO QUASH SUBPOENA

In his fourth issue, Appellant asserts the trial court erred in denying him his right to compulsory process for obtaining witnesses on his behalf in violation of the federal and state constitutions.[2] Specifically, he contends the trial court erred in granting the State's motion to quash Appellant's subpoena for Mary Wall, a child protective services caseworker. In early 1989, just a few months before the offense date alleged in the indictment, Wall visited the Moore household and interviewed all family members to investigate a matter unrelated to this offense. She prepared a report describing her interviews and findings. To rebut the State's argument that Appellant deserves a severe sentence because, through his actions, he inflicted psychological damage on the victim, Appellant contends Wall could have provided testimony regarding the family's living conditions that would have been material to his defense. He asserts that the information could be considered mitigating evidence, arguing that a portion of the victim's psychological difficulties are due to the "adverse environmental conditions" in which the family lived.

 Criminal defendants have a right to compulsory process for obtaining witnesses. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. However, the right to compulsory process is not absolute. De-

---

1. The Court of Criminal Appeals has held that the inquiry required by *Kelly* is substantively identical to the inquiry mandated by the Supreme Court in the federal system in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). *Jordan v. State*, 928 S.W.2d 550, 554 (Tex.Crim.App.1996). At least one federal court has determined that fingerprint identification evidence meets the *Daubert* test. *See United States v. Havvard*, 117 F.Supp.2d 848 (S.D.Ind.2000) (applying *Daubert* inquiry to find evidence of fingerprint identification admissible).

2. Appellant had issued several subpoenas for various individuals. All filed motions to quash, which were all granted. On appeal, Appellant complains of this action as to one witness only.

fendants have the right to secure the attendance of witnesses whose testimony would be both material and favorable to the defense. *Coleman v. State,* 966 S.W.2d 525, 527–28 (Tex.Crim.App.1998) (on reh'g). Accordingly, to exercise this right, the defendant must make a plausible showing to the trial court, by sworn evidence or agreed facts, that the witness' testimony would be both material and favorable to the defense. *Id.* at 528. A claim that the trial court improperly quashed a subpoena is reviewed for an abuse of discretion. *Muennink v. State,* 933 S.W.2d 677, 684 (Tex.App.—San Antonio 1996, pet. ref'd).

■ Appellant testified at the hearing on the motion to quash, explaining why he needed Mary Wall's testimony. He claimed that Wall and a Mineola police officer interviewed the victim and her sister at the police department but the District Attorney did not turn over discovery with regard to that meeting. He expected Wall's testimony to establish the fact that such a meeting took place and that she might be privy to information that was exculpatory or mitigating that was not turned over to Appellant. In argument to the court, counsel asserted the defense is entitled to cross-examine Wall regarding her reports, to address any inaccuracies and explain the "factual situation at the time." The trial court granted the motion to quash the subpoena.

The following day, just before the sentencing hearing began, Appellant asked to make a bill of exception to include Wall's reports in the record just "to make the record clear on what [he] felt like her testimony would be." The reports were admitted for the purpose of making a bill of exception. Nothing further was said about the matter.

Appellant's theory on appeal, that poor housekeeping contributed to the victim's severely deteriorated mental and emotional state, was not raised at trial. In fact, no specific theory or fact was asserted at trial in support of the bare allegation that Wall could contribute material information. Appellant presented no sworn evidence or agreed facts demonstrating that Wall's testimony would be either material or favorable to the defense. *See Coleman,* 966 S.W.2d at 528. Accordingly, the trial court did not abuse its discretion in granting the State's motion to quash the subpoena issued for Mary Wall. We overrule Appellant's fourth issue.

### CONCLUSION

We modify the judgment to delete the phrase included in the punishment paragraph "to begin after the sentence in cause number 15,198–97 from the 294th Judicial District Court of Wood County, Texas, shall have ceased to operate." As modified, we affirm the judgment of the trial court.