NO. 12-00-00069-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




GREGORY LAWRENCE MOORE,
§
 APPEAL FROM THE 402ND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 WOOD COUNTY, TEXAS






 

OPINION ON REHEARING

 We grant the State's motion for rehearing and withdraw our opinion and judgment of May 31,
2001. The following is now the opinion of this Court. 

 Gregory Lawrence Moore was indicted for aggravated sexual assault of a child. The trial court
found him guilty and assessed punishment at thirty years of confinement. Upon original appeal to this
Court, we reversed and remanded the cause for a new trial on punishment only. See Moore v. State,
12-97-00374-CR (Tyler March 31, 1999, no pet.) (not designated for publication). On remand, the trial
court again assessed a thirty-year sentence and, additionally, ordered this sentence to run consecutively
with a conviction obtained while this cause was on appeal. In four issues, Appellant asserts the trial
court erred in ordering the sentences to run consecutively, in allowing expert testimony concerning
fingerprint comparison evidence, and in quashing his requested subpoenas for witnesses at the
punishment phase. We affirm the trial court's judgment.


Cumulation Order


 In his first issue, Appellant contends the trial court erred in cumulating the sentence in this case
with the sentence in a conviction that occurred while this case was on appeal the first time. Initially,
the State agreed that the cumulation order was entered in error, but on rehearing, asks us to reconsider
in light of a recent ruling by the Court of Criminal Appeals.

 The trial court entered judgment finding Appellant guilty in this case on August 27, 1997. After
later hearing evidence on the issue of punishment, the trial court imposed sentence on September 17,
1997. Appellant filed his notice of appeal in this Court on October 16, 1997. While that appeal was
pending in this Court, Appellant was convicted of the offense of failure to appear. Judgment in the
failure to appear case was entered and sentence imposed on June 25, 1998. Our original opinion issued
in this case on March 31, 1999. On remand, the trial court again assessed punishment in this case at
imprisonment for thirty years, but additionally ordered that this sentence would not begin until the
sentence in the failure to appear case had concluded. 

 The trial judge may, in his discretion, order a sentence imposed or suspended in a subsequent
case to begin to run when the judgment and sentence imposed or suspended in a preceding conviction
has ceased to operate. Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2001). For the
purpose of stacking, a case can be treated as a "conviction" at the time sentence is imposed. Pettigrew
v. State, No. 1417-99, slip op. at 3, 2001 WL 687401, at *2 (Tex. Crim. App. June 20, 2001). Here,
Appellant was found guilty of aggravated sexual assault before he was convicted of failure to appear. 
However, the appeal and remand of the aggravated sexual assault case for a new punishment hearing
affected the application of the cumulation statute. The imposition of sentence in the aggravated sexual
assault case after remand in 1999 caused the 1998 failure to appear conviction to become a "preceeding
conviction" for purposes of article 42.08. See id. Therefore, it was not an abuse of discretion for the
trial court to order that the sentence for aggravated assault shall not begin until the sentence for failure
to appear has ceased to operate. We overrule Appellant's first issue.

 In his second issue, Appellant asserts the trial court's cumulation order was an act of
vindictiveness in violation of the due process clause of the Fourteenth Amendment to the United States
Constitution. He argues that, on retrial following a successful appeal, the trial court may not assess a
greater punishment than was assessed in the first trial unless there is evidence that his subsequent
conduct justifies an increase.

 We review Appellant's complaint of improper cumulation of sentences under an abuse of
discretion standard. See Banks v. State, 503 S.W.2d 582, 587 (Tex. Crim. App. 1974). Cumulation
of sentences essentially constitutes an increase in punishment. Johnson v. State, 930 S.W.2d 589, 592
(Tex. Crim. App. 1996). When a trial judge imposes a more severe sentence after a new trial, the
reasons for doing so must affirmatively appear in the record. Alabama v. Smith, 490 U.S. 794, 798,
109 S. Ct. 2201, 2204, 104 L. Ed. 2d 865 (1989). Otherwise, a presumption arises that a greater
sentence has been imposed for a vindictive purpose. Alabama, 490 U.S. at 799, 109 S. Ct. at 2204. 
This presumption may be rebutted by objective information justifying the increased sentence. Id. 
Where there is no reasonable likelihood that the increase is the product of actual vindictiveness, the
burden is on the defendant to prove actual vindictiveness. Id. The sentencing court must be permitted
to consider any and all information that reasonably might bear on the proper sentence for the defendant. 
Wasman v. United States, 468 U.S. 559, 563, 104 S. Ct. 3217, 3220, 82 L. Ed. 424 (1984). 
Consideration of a criminal conviction obtained in the interim between the original sentencing and
sentencing after retrial is manifestly legitimate. Wasman, 468 U.S. at 569-570, 104 S. Ct. at 3223. A
trial judge can impose a new sentence in light of events subsequent to the first trial that may throw new
light on the defendant's life, health, habits, conduct, and mental and moral propensities. Wasman, 468
U.S. at 570-71, 104 S. Ct. at 3224. Such information may come to the judge's attention from evidence
adduced at the second trial, from a new pre-sentence investigation, or other sources. Id. at 571, 104 S.
Ct. at 3224. 

 Here, the trial judge explained on the record that his decision to cumulate the sentences was
based on additional evidence provided at the second punishment hearing that was not before him at the
first punishment hearing and on Appellant's 1998 conviction for failure to appear. The testimony came
from a psychiatrist and a therapist, both of whom described the victim's mental state. The victim,
Appellant's stepdaughter, was characterized as "very disturbed" as a result of the sexual abuse and her
prognosis for recovery was not considered good. This evidence, not presented at the first hearing,
constitutes objective information justifying the increased sentence. See Alabama, 490 U.S. at 801, 109
S. Ct. at 2206; Texas v. McCullough, 475 U.S. 134, 140, 106 S. Ct. 976, 980, 89 L. Ed. 2d 104 (1986). 
Further, consideration of the 1998 conviction is proper, even though the offense of failure to appear was
actually committed before Appellant's original sentencing in this case. See Wasman, 468 U.S. at 570-71, 104 S. Ct. at 3224 (trial court properly considered criminal conviction obtained after first sentencing
hearing for acts committed prior to that sentencing hearing). We conclude that the trial judge's decision
to cumulate the sentence in this case with the 1998 failure to appear was justified and not the result of
vindictiveness. Finding no abuse of discretion, we overrule Appellant's second issue.


Fingerprint Identification Evidence


 In his third issue, Appellant asserts the trial court erred in admitting expert testimony concerning
fingerprint comparison evidence. Appellant contends the trial court did not follow the correct procedure
for determining admissibility of the evidence and the testimony did not meet the requirements for the
admission of expert testimony.

 Preliminary questions concerning admissibility of evidence are determined by the trial court. 
See Tex. R. Evid. 104(a). This determination will not be disturbed absent a clear abuse of discretion. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Under Texas Rule of Evidence 702,
the proponent of scientific evidence must show, by clear and convincing proof, that the evidence he is
proffering is sufficiently relevant and reliable to assist the trier of fact in accurately understanding other
evidence or in determining a fact in issue. Tex. R. Evid. 702; Weatherred, 15 S.W.3d at 542; Kelly v.
State, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). Once a particular type of scientific evidence is
well established as reliable, a court may take judicial notice of that fact, thereby relieving the proponent
of the burden of producing evidence on that question. Weatherred, 15 S.W.3d at 542 n.4.

 Initially, we address the State's allegation that Appellant did not properly preserve this
complaint for our review. At the punishment phase, the State offered the testimony of Deputy Charles
Houghton. Deputy Houghton explained that he had specialized training in identification of fingerprints. 
The prosecutor asked whether the prints contained in two pen packets matched the prints Deputy
Houghton had taken from Appellant a few minutes earlier. Appellant objected that the witness had not
been qualified under rule 702, improper predicate has been laid, and "that's a Kelly objection."

 To preserve error an objection to the admission of evidence must state the specific grounds for
the objection, if the specific grounds are not apparent from the context. Tex. R. App. P. 33.1. An
objection to an improper predicate that fails to inform the trial court exactly how the predicate is
deficient will not preserve error. Bird v. State, 692 S.W.2d 65, 70 (Tex. Crim. App. 1985), cert. denied,
475 U.S. 1031 (1986). Rule 702 and Kelly cover numerous requirements for the admission of expert
testimony. See Weatherred, 15 S.W.3d at 542; Kelly, 824 S.W.2d at 573. An objection based on Rule
702 and Kelly is effectively a general objection to an improper predicate and is not specific. Scherl v.
State, 7 S.W.3d 650, 652 (Tex. App.- Texarkana 1999, pet. ref'd). Appellant's objection did not
adequately inform the trial court of the nature of his complaint and did not preserve the complaint for
appellate review. See id. We shall, nonetheless, address the issue.

 Deputy Houghton testified regarding his experience and training and then stated his opinion that
Appellant's fingerprints matched those in the pen packets. The testimony of a fingerprint expert
identifying a defendant's fingerprints has long been sanctioned by the Texas Court of Criminal Appeals. 
Grice v. State,142 Tex. Crim. 4, 151 S.W.2d 211, 221 (1941). This Court, as well as the trial court,
may take judicial notice of the validity of fingerprint identification. See Emerson v. State, 880 S.W.2d
759, 764-65 (Tex. Crim. App.), cert. denied, 513 U.S. 931 (1994). The trial court was entitled to rely
on the testimony coupled with judicial knowledge of the acceptance of fingerprint identification and
determine that all requirements for the admission of the testimony were met. Epps v. State, 24 S.W.3d
872, 879-80 (Tex. App.-Corpus Christi 2000, pet. ref'd). Accordingly, the trial court did not abuse its
discretion by admitting Deputy Houghton's testimony. (1) We overrule Appellant's third issue.


Motion to Quash Subpoena


 In his fourth issue, Appellant asserts the trial court erred in denying him his right to compulsory
process for obtaining witnesses on his behalf in violation of the federal and state constitutions. (2) 
Specifically, he contends the trial court erred in granting the State's motion to quash Appellant's
subpoena for Mary Wall, a child protective services caseworker. In early 1989, just a few months
before the offense date alleged in the indictment, Wall visited the Moore household and interviewed
all family members to investigate a matter unrelated to this offense. She prepared a report describing
her interviews and findings. To rebut the State's argument that Appellant deserves a severe sentence
because, through his actions, he inflicted psychological damage on the victim, Appellant contends Wall
could have provided testimony regarding the family's living conditions that would have been material
to his defense. He asserts that the information could be considered mitigating evidence, arguing that
a portion of the victim's psychological difficulties are due to the "adverse environmental conditions"
in which the family lived. 

 Criminal defendants have a right to compulsory process for obtaining witnesses. U.S. Const.
amend. VI; Tex. Const. art. I, § 10. However, the right to compulsory process is not absolute. 
Defendants have the right to secure the attendance of witnesses whose testimony would be both material
and favorable to the defense. Coleman v. State, 966 S.W.2d 525, 527-28 (Tex. Crim. App. 1998) (on
reh'g). Accordingly, to exercise this right, the defendant must make a plausible showing to the trial
court, by sworn evidence or agreed facts, that the witness' testimony would be both material and
favorable to the defense. Id. at 528. A claim that the trial court improperly quashed a subpoena is
reviewed for an abuse of discretion. Muennink v. State, 933 S.W.2d 677, 684 (Tex. App.-San Antonio
1996, pet. ref'd).

 Appellant testified at the hearing on the motion to quash, explaining why he needed Mary Wall's
testimony. He claimed that Wall and a Mineola police officer interviewed the victim and her sister at
the police department but the District Attorney did not turn over discovery with regard to that meeting. 
He expected Wall's testimony to establish the fact that such a meeting took place and that she might
be privy to information that was exculpatory or mitigating that was not turned over to Appellant. In
argument to the court, counsel asserted the defense is entitled to cross-examine Wall regarding her
reports, to address any inaccuracies and explain the "factual situation at the time." The trial court
granted the motion to quash the subpoena.

 The following day, just before the sentencing hearing began, Appellant asked to make a bill of
exception to include Wall's reports in the record just "to make the record clear on what [he] felt like
her testimony would be." The reports were admitted for the purpose of making a bill of exception. 
Nothing further was said about the matter.

 Appellant's theory on appeal, that poor housekeeping contributed to the victim's severely
deteriorated mental and emotional state, was not raised at trial. In fact, no specific theory or fact was
asserted at trial in support of the bare allegation that Wall could contribute material information. 
Appellant presented no sworn evidence or agreed facts demonstrating that Wall's testimony would be
either material or favorable to the defense. See Coleman, 966 S.W.2d at 528. Accordingly, the trial
court did not abuse its discretion in granting the State's motion to quash the subpoena issued for Mary
Wall. We overrule Appellant's fourth issue.


Conclusion



 We affirm the judgment of the trial court.




 JIM WORTHEN

 Justice


Opinion delivered August 31, 2001.

Panel consists of Davis, C.J., Worthen, J., and Griffith, J.




(PUBLISH)
1. The Court of Criminal Appeals has held that the inquiry required by Kelly is substantively identical to the
inquiry mandated by the Supreme Court in the federal system in Daubert v. Merrell Dow Pharm., Inc., 509 U.S.
579 (1993). Jordan v. State, 928 S.W.2d 550, 554 (Tex. Crim. App. 1996). At least one federal court has
determined that fingerprint identification evidence meets the Daubert test. See United States v. Havvard, 117 F.
Supp. 2d 848 (S.D. Ind. 2000) (applying Daubert inquiry to find evidence of fingerprint identification admissible). 
2. Appellant had issued several subpoenas for various individuals. All filed motions to quash, which were
all granted. On appeal, Appellant complains of this action as to one witness only.