Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JOHN ANDY GALVAN,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00268-CR

Appeal from the

262nd District Court

of Harris County, Texas

(TC# 952651)




O P I N I O N

           This is an appeal from a jury conviction for the offense of murder. The jury assessed
punishment at seventy-five years’ imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. We affirm the judgment of conviction.
I. SUMMARY OF THE EVIDENCE
           On the morning of June 6, 2003, Gerladine Gonzalez was found in Milby Park in
Houston, Texas. She had been shot. She lived in a coma for several weeks until her death
on July 12, 2003. She never regained consciousness. Both Appellant and an individual
named Edwin Escobedo were arrested on aggravated assaulted charges which were later
upgraded to murder charges when the complainant died.
           The guilt-innocence stage of trial began on June 7, 2004, and ended on June 9. At
trial, Hilda Moreno, an admitted prostitute and cocaine addict, testified that she met the
deceased complainant one month prior to her death. They would “party” together which
involved getting high on crack cocaine.
           Moreno was the sole eyewitness for the State to the murder, and she testified
regarding Appellant’s involvement in the murder. Moreno stated that initially, she did not
cooperate with the State in the murder investigation. She was arrested on a prostitution
charge on November 25, 2003, and the State placed a material witness bond on her so she
could not get out of custody. Moreno testified that she had been in custody for six and a half
months prior to giving her testimony at trial. She testified that was beyond the time she
would have served for a misdemeanor prostitution conviction. Moreno testified that she did
not receive any threats or offers of beneficial treatment such as dismissing her case in
exchange for her testimony. The jury rendered a verdict of guilty and assessed punishment
at seventy-five years’ imprisonment. The next day, the State dismissed Moreno’s prostitution
case.
           On July 9, 2004, Appellant filed a motion for new trial asserting that the State’s
principle witness, Moreno, committed perjury by denying that the State had made a deal with
her in exchange for her testimony against Appellant. On July 12, 2004, Appellant requested
that the trial court’s process server serve several witnesses with subpoenas; those witnesses
included: the State’s principal witness, Hilda Moreno, Terry Cornelius (Moreno’s defense
attorney on the prostitution case), Vanessa Velasquez (one of the assistant district attorneys
who handled the murder case), the custodian of records for the Harris County District
Attorney’s Office asking for production of “the State’s file against HILDA MORENO, cause
no. 1206537, disposed in County Criminal Court-at-Law No. 5 on June 10, 2004,” and the
District Attorney’s Office Policy Manual, specifically, the portion of the manual as it relates
to the required disposition of prostitution cases.
           On July 16, 2004, Appellant filed a motion to recuse the trial court judge asserting that
the judge had violated his due process rights by improperly quashing the subpoenas, or by
instructing the process server to ignore the subpoena requests. On July 21, 2004, the trial
judge held a hearing on the motion for new trial. The trial judge stated that the hearing
would be conducted by affidavits. However, once he learned that a motion to recuse him
from the case had been filed, he ended the hearing and referred the matter to an
administrative judge.
           On July 29, 2004, a hearing on the motion to recuse was heard before Judge Olen
Underwood. Appellant argued that the trial judge’s actions in quashing the subpoenas denied
him the opportunity to present evidence at the hearing on his motion for new trial thereby
demonstrating judicial bias. The State argued that Appellant’s motion to recuse failed to
establish that the trial court’s actions were the result of extrajudicial bias; a requirement for
the recusal of a judge. Judge Underwood denied Appellant’s motion to recuse.
           On August 5, 2004, the original trial judge resumed the hearing on Appellant’s motion
for new trial. The trial court informed Appellant that he conducted all his motions for new
trial by affidavit and inquired as to whether Appellant had any affidavits to present in
furtherance of his motion. Appellant’s counsel replied that the only affidavit he had was his
original affidavit attached to the motion for new trial which had already been filed.


 The
State then presented the affidavits of Moreno, Moreno’s attorney, the prosecutor in
Appellant’s case, and the other prosecutor in Appellant’s case. Viewed as a whole, these
affidavits contradicted Appellant’s claims in his motion for new trial that Moreno had
received a deal for her testimony. The affidavits indicated that Moreno’s case had been
dismissed solely because she had served more than the maximum time in jail for her
prostitution case while awaiting to testify in Appellant’s case. The affidavits were admitted
into evidence over Appellant’s objection. Appellant then introduced an organization chart
of the Harris County District Attorney’s Office into evidence and it was admitted without
objection. Appellant did not present any other evidence.
           During closing arguments, Appellant’s counsel told the trial court that he objected to
the court’s denying him an opportunity to supplement the appellate record. The following
exchange then occurred:
COURT:First of all, Mr. Suhler, I’m not denying you anything. You
could have put anything you wanted in the form of affidavits for
this hearing. That is only limited by limitations you placed on
yourself. I certainly in no way limited any evidence you put in
the form of affidavits. I don’t know where you got that idea;
but, no, sir, I did not do that. . . . 
 
DEFENSE:The basis of that observation, Your Honor, is that the Court sua
sponte quashed my subpoenas issues several weeks prior to this
date, so that I could have those documents produced.
 
COURT:So, the record will be clear, the Court had the process server
contact you to contact the Court. You assured that process
server that you would do it, and then this Court never heard
from you for a period of about a week, because this Court was
going to ask you, should I have these people here, should we
serve them personally to have them here for the hearing, or do
you want an affidavit by them? I never heard anything. That
was my fault for not just immediately issuing them, but certainly
I did not sua sponte quash anything. . . .
 
DEFENSE:Well, Your Honor, the subpoenas were validly filed. I would
ask the Court to please accept the fact that this is not my only
case. For the last couple of weeks, I’ve been practicing on
multiple cases in other counties.
 
COURT:I’ll take judicial notice of that. I have to [sic] doubt of that, sir. 

The court denied Appellant’s motion for new trial.
II. DISCUSSION
           In Appellant’s Issue No. One, he maintains that the trial court erred in sua sponte
ordering a process server not to serve subpoenas issued by Appellant for witnesses to appear
at a hearing on his motion for new trial. The right to compulsory process is not absolute, and
questions as to limitations on the right are addressed to the trial court’s discretion. See
Rodriguez v. State, 90 S.W.3d 340, 358 (Tex. App.--El Paso 2001, pet. ref’d); Muennink v.
State, 933 S.W.2d 677, 684 (Tex. App.--San Antonio 1996, pet. ref’d). Further, the right to
compulsory process is dependent upon an accused’s initiative, and the nature of the right
requires that its effective use be preceded by “deliberate planning and affirmative conduct”
by the defendant. See Taylor v. Illinois, 484 U.S. 400, 410, 108 S.Ct. 646, 653-54, 98
L.Ed.2d 798 (1988); Rodriguez, 90 S.W.3d at 358.
           Texas Rule of Appellate Procedure 21.7 allows the trial court in criminal cases to
receive evidence on a motion for new trial by affidavit or otherwise. Tex. R. App. P. 21.7;
Young v. State, 177 S.W.3d 136, 142 (Tex. App.--Houston [1st Dist.] 2005), rev’d on other
grounds, 137 S.W.3d 65 (Tex. Crim. App. 2004). In this case, Appellant was informed at
the first hearing on his motion for new trial that the court was requiring affidavits. The
record reflects that the trial court was inquiring as to what Appellant was intending to gather
from the subpoenaed witnesses before they were issued. There is nothing in the record to
indicate that Appellant attempted to obtain affidavits from his witnesses nor is there any
indication that Appellant would be unable to obtain the testimony he needed through
affidavits. Furthermore, there is nothing to indicate that the trial court prevented Appellant
from presenting any evidence--just the form of that evidence. We find that the trial court did
not deny Appellant his right to compulsory process. Issue No. One is overruled.
           In Issue No. Two, Appellant asserts that the court erred in denying his motion to
recuse the trial court judge. When we review an order denying a motion to recuse, we
overturn the order only if the trial court abused its discretion. See Tex. R. Civ. P. 18a(f); see
also Arnold v. State, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding Rule 18a
applicable to criminal cases). The trial court abuses its discretion only if the ruling on the
motion was not within the zone of reasonable disagreement. See Kemp v. State, 846 S.W.2d
289, 306 (Tex. Crim. App. 1992). We consider “the totality of the evidence” elicited at the
recusal hearing. See id.
           Recusal is appropriate if the movant has provided enough facts to establish that a
reasonable person, knowing all the circumstances involved, would harbor doubts as to the
impartiality of the trial court, but only when the bias is of such a nature and extent as to deny
the movant due process of law. Id. at 305. Moreover, the bias must have come from an
extrajudicial source and result in an opinion on the merits of the case other than what the
judge learned from participating in the case. Id. at 306.
           The grounds for Appellant’s motion to recuse the trial court judge centered around
Appellant’s accusation that the judge sua sponte quashed his subpoenas for the motion for
new trial. We fail to see nor does the record disclose that the policy of utilizing affidavits
in hearings on motions for new trial relates to any bias emanating from an extrajudicial
source. Appellant asserts that he was never afforded the chance to explain why he needed
live witness testimony at the hearing. However, the record does not indicate he was
prevented from doing so. We find that the recusal court did not abuse its discretion in
denying Appellant’s motion to recuse. Issue No. Two is overruled.
 

           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice

June 8, 2006

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)