**Gregory Lawrence MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–00–00069–CR.**

Court of Appeals of Texas, Tyler.

Aug. 31, 2001.

Stanley T. Schwieger, Waco, for appellant.

Marcus D. Taylor, Quitman, for state.

Panel consists of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

## OPINION ON REHEARING

WORTHEN, Justice.

We grant the State's motion for rehearing and withdraw our opinion and judgment of May 31, 2001. The following is now the opinion of this Court.

Gregory Lawrence Moore was indicted for aggravated sexual assault of a child. The trial court found him guilty and assessed punishment at thirty years of confinement. Upon original appeal to this Court, we reversed and remanded the cause for a new trial on punishment only. *See Moore v. State,* 12–97–00374–CR (Tyler March 31, 1999, no pet.) (not designated for publication). On remand, the trial court again assessed a thirty-year sentence and, additionally, ordered this sentence to run consecutively with a conviction obtained while this cause was on appeal. In four issues, Appellant asserts the trial court erred in ordering the sentences to run consecutively, in allowing expert testimony concerning fingerprint comparison evidence, and in quashing his requested subpoenas for witnesses at the punishment phase. We affirm the trial court's judgment.

### Cumulation Order

■ In his first issue, Appellant contends the trial court erred in cumulating the sentence in this case with the sentence in a conviction that occurred while this case was on appeal the first time. Initially, the State agreed that the cumulation order was entered in error, but on rehearing, asks us to reconsider in light of a recent ruling by the Court of Criminal Appeals.

The trial court entered judgment finding Appellant guilty in this case on August 27, 1997. After later hearing evidence on the issue of punishment, the trial court imposed sentence on September 17, 1997. Appellant filed his notice of appeal in this Court on October 16, 1997. While that appeal was pending in this Court, Appellant was convicted of the offense of failure to appear. Judgment in the failure to appear case was entered and sentence imposed on June 25, 1998. Our original opinion issued in this case on March 31, 1999. On remand, the trial court again assessed punishment in this case at imprisonment for thirty years, but additionally ordered that this sentence would not begin until the sentence in the failure to appear case had concluded.

■ The trial judge may, in his discretion, order a sentence imposed or suspended in a subsequent case to begin to run when the judgment and sentence imposed or suspended in a preceding conviction has ceased to operate. Tex.Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp.2001). For the purpose of stacking, a case can be treated as a "conviction" at the time sentence is imposed. *Pettigrew v. State,* 48 S.W.3d 769, 770 (Tex.Crim.App. 2001). Here, Appellant was found guilty of aggravated sexual assault before he was convicted of failure to appear. However, the appeal and remand of the aggravated sexual assault case for a new punishment hearing affected the application of the cumulation statute. The imposition of sentence in the aggravated sexual assault case after remand in 1999 caused the 1998 failure to appear conviction to become a "preceeding conviction" for purposes of article 42.08. *See id.* Therefore, it was not an abuse of discretion for the trial court to order that the sentence for aggravated assault shall not begin until the sentence for failure to appear has ceased to operate. We overrule Appellant's first issue.

■ In his second issue, Appellant asserts the trial court's cumulation order was an act of vindictiveness in violation of the due process clause of the Fourteenth Amendment to the United States Constitution. He argues that, on retrial following a successful appeal, the trial court may not assess a greater punishment than was assessed in the first trial unless there is evidence that his subsequent conduct justifies an increase.

■ We review Appellant's complaint of improper cumulation of sentences under an abuse of discretion standard. *See Banks v. State,* 503 S.W.2d 582, 587 (Tex. Crim.App.1974). Cumulation of sentences essentially constitutes an increase in punishment. *Johnson v. State,* 930 S.W.2d 589, 592 (Tex.Crim.App.1996). When a trial judge imposes a more severe sentence after a new trial, the reasons for doing so must affirmatively appear in the record. *Alabama v. Smith,* 490 U.S. 794, 798, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989). Otherwise, a presumption arises that a greater sentence has been imposed for a vindictive purpose. *Alabama,* 490 U.S. at 799, 109 S.Ct. at 2204. This presumption may be rebutted by objective information justifying the increased sentence. *Id.* Where there is no reasonable likelihood that the increase is the product of actual vindictiveness, the burden is on the defen-

dant to prove actual vindictiveness. *Id.* The sentencing court must be permitted to consider any and all information that reasonably might bear on the proper sentence for the defendant. *Wasman v. United States,* 468 U.S. 559, 563, 104 S.Ct. 3217, 3220, 82 L.Ed.2d 424 (1984). Consideration of a criminal conviction obtained in the interim between the original sentencing and sentencing after retrial is manifestly legitimate. *Wasman,* 468 U.S. at 569–570, 104 S.Ct. at 3223. A trial judge can impose a new sentence in light of events subsequent to the first trial that may throw new light on the defendant's life, health, habits, conduct, and mental and moral propensities. *Wasman,* 468 U.S. at 570–71, 104 S.Ct. at 3224. Such information may come to the judge's attention from evidence adduced at the second trial, from a new pre-sentence investigation, or other sources. *Id.* at 571, 104 S.Ct. at 3224.

Here, the trial judge explained on the record that his decision to cumulate the sentences was based on additional evidence provided at the second punishment hearing that was not before him at the first punishment hearing and on Appellant's 1998 conviction for failure to appear. The testimony came from a psychiatrist and a therapist, both of whom described the victim's mental state. The victim, Appellant's stepdaughter, was characterized as "very disturbed" as a result of the sexual abuse and her prognosis for recovery was not considered good. This evidence, not presented at the first hearing, constitutes objective information justifying the increased sentence. *See Alabama,* 490 U.S. at 801, 109 S.Ct. at 2206; *Texas v. McCullough,* 475 U.S. 134, 140, 106 S.Ct. 976, 980, 89 L.Ed.2d 104 (1986). Further, consideration of the 1998 conviction is proper, even though the offense of failure to appear was actually committed before Appellant's original sentencing in this case.

*See Wasman,* 468 U.S. at 570–71, 104 S.Ct. at 3224 (trial court properly considered criminal conviction obtained after first sentencing hearing for acts committed prior to that sentencing hearing). We conclude that the trial judge's decision to cumulate the sentence in this case with the 1998 failure to appear was justified and not the result of vindictiveness. Finding no abuse of discretion, we overrule Appellant's second issue.

### *Fingerprint Identification Evidence*

In his third issue, Appellant asserts the trial court erred in admitting expert testimony concerning fingerprint comparison evidence. Appellant contends the trial court did not follow the correct procedure for determining admissibility of the evidence and the testimony did not meet the requirements for the admission of expert testimony.

Preliminary questions concerning admissibility of evidence are determined by the trial court. *See* Tex.R. Evid. 104(a). This determination will not be disturbed absent a clear abuse of discretion. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App.2000). Under Texas Rule of Evidence 702, the proponent of scientific evidence must show, by clear and convincing proof, that the evidence he is proffering is sufficiently relevant and reliable to assist the trier of fact in accurately understanding other evidence or in determining a fact in issue. Tex.R. Evid. 702; *Weatherred,* 15 S.W.3d at 542; *Kelly v. State,* 824 S.W.2d 568, 573 (Tex.Crim.App.1992). Once a particular type of scientific evidence is well established as reliable, a court may take judicial notice of that fact, thereby relieving the proponent of the burden of producing evidence on that question. *Weatherred,* 15 S.W.3d at 542 n. 4.

■ Initially, we address the State's allegation that Appellant did not properly preserve this complaint for our review. At the punishment phase, the State offered the testimony of Deputy Charles Houghton. Deputy Houghton explained that he had specialized training in identification of fingerprints. The prosecutor asked whether the prints contained in two pen packets matched the prints Deputy Houghton had taken from Appellant a few minutes earlier. Appellant objected that the witness had not been qualified under rule 702, improper predicate has been laid, and "that's a *Kelly* objection."

To preserve error an objection to the admission of evidence must state the specific grounds for the objection, if the specific grounds are not apparent from the context. Tex.R.App. P. 33.1. An objection to an improper predicate that fails to inform the trial court exactly how the predicate is deficient will not preserve error. *Bird v. State*, 692 S.W.2d 65, 70 (Tex. Crim.App.1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986). Rule 702 and *Kelly* cover numerous requirements for the admission of expert testimony. *See Weatherred*, 15 S.W.3d at 542; *Kelly*, 824 S.W.2d at 573. An objection based on Rule 702 and *Kelly* is effectively a general objection to an improper predicate and is not specific. *Scherl v. State*, 7 S.W.3d 650, 652 (Tex. App.-Texarkana 1999, pet. ref'd). Appellant's objection did not adequately inform the trial court of the nature of his complaint and did not preserve the complaint

for appellate review. *See id.* We shall, nonetheless, address the issue.

■ Deputy Houghton testified regarding his experience and training and then stated his opinion that Appellant's fingerprints matched those in the pen packets. The testimony of a fingerprint expert identifying a defendant's fingerprints has long been sanctioned by the Texas Court of Criminal Appeals. *Grice v. State*, 142 Tex.Crim. 4, 151 S.W.2d 211, 221 (1941). This Court, as well as the trial court, may take judicial notice of the validity of fingerprint identification. *See Emerson v. State*, 880 S.W.2d 759, 764–65 (Tex.Crim.App.), *cert. denied*, 513 U.S. 931, 115 S.Ct. 323, 130 L.Ed.2d 284 (1994). The trial court was entitled to rely on the testimony coupled with judicial knowledge of the acceptance of fingerprint identification and determine that all requirements for the admission of the testimony were met. *Epps v. State*, 24 S.W.3d 872, 879–80 (Tex.App.-Corpus Christi 2000, pet. ref'd). Accordingly, the trial court did not abuse its discretion by admitting Deputy Houghton's testimony.[1] We overrule Appellant's third issue.

### Motion to Quash Subpoena

■ In his fourth issue, Appellant asserts the trial court erred in denying him his right to compulsory process for obtaining witnesses on his behalf in violation of the federal and state constitutions.[2] Specifically, he contends the trial court erred in granting the State's motion to quash Appellant's subpoena for Mary Wall, a

---

1. The Court of Criminal Appeals has held that the inquiry required by *Kelly* is substantively identical to the inquiry mandated by the Supreme Court in the federal system in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). *Jordan v. State*, 928 S.W.2d 550, 554 (Tex.Crim. App.1996). At least one federal court has determined that fingerprint identification evidence meets the *Daubert* test. *See United States v. Havvard*, 117 F.Supp.2d 848

(S.D.Ind.2000) (applying *Daubert* inquiry to find evidence of fingerprint identification admissible).

2. Appellant had issued several subpoenas for various individuals. All filed motions to quash, which were all granted. On appeal, Appellant complains of this action as to one witness only.

child protective services caseworker. In early 1989, just a few months before the offense date alleged in the indictment, Wall visited the Moore household and interviewed all family members to investigate a matter unrelated to this offense. She prepared a report describing her interviews and findings. To rebut the State's argument that Appellant deserves a severe sentence because, through his actions, he inflicted psychological damage on the victim, Appellant contends Wall could have provided testimony regarding the family's living conditions that would have been material to his defense. He asserts that the information could be considered mitigating evidence, arguing that a portion of the victim's psychological difficulties are due to the "adverse environmental conditions" in which the family lived.

Criminal defendants have a right to compulsory process for obtaining witnesses. U.S. Const. amend. VI; Tex. Const. art. I, § 10. However, the right to compulsory process is not absolute. Defendants have the right to secure the attendance of witnesses whose testimony would be both material and favorable to the defense. *Coleman v. State*, 966 S.W.2d 525, 527–28 (Tex.Crim.App.1998) (on reh'g). Accordingly, to exercise this right, the defendant must make a plausible showing to the trial court, by sworn evidence or agreed facts, that the witness' testimony would be both material and favorable to the defense. *Id.* at 528. A claim that the trial court improperly quashed a subpoena is reviewed for an abuse of discretion. *Muennink v. State*, 933 S.W.2d 677, 684 (Tex.App.-San Antonio 1996, pet. ref'd).

Appellant testified at the hearing on the motion to quash, explaining why he needed Mary Wall's testimony. He claimed that Wall and a Mineola police officer interviewed the victim and her sister at the police department but the District Attorney did not turn over discovery with regard to that meeting. He expected Wall's testimony to establish the fact that such a meeting took place and that she might be privy to information that was exculpatory or mitigating that was not turned over to Appellant. In argument to the court, counsel asserted the defense is entitled to cross-examine Wall regarding her reports, to address any inaccuracies and explain the "factual situation at the time." The trial court granted the motion to quash the subpoena.

The following day, just before the sentencing hearing began, Appellant asked to make a bill of exception to include Wall's reports in the record just "to make the record clear on what [he] felt like her testimony would be." The reports were admitted for the purpose of making a bill of exception. Nothing further was said about the matter.

Appellant's theory on appeal, that poor housekeeping contributed to the victim's severely deteriorated mental and emotional state, was not raised at trial. In fact, no specific theory or fact was asserted at trial in support of the bare allegation that Wall could contribute material information. Appellant presented no sworn evidence or agreed facts demonstrating that Wall's testimony would be either material or favorable to the defense. *See Coleman*, 966 S.W.2d at 528. Accordingly, the trial court did not abuse its discretion in granting the State's motion to quash the subpoena issued for Mary Wall. We overrule Appellant's fourth issue.

### Conclusion

We ***affirm*** the judgment of the trial court.