In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00108-CR
______________________________


TYRONE LONDALE TALTON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 5th Judicial District Court
Cass County, Texas
Trial Court No. 2002-F-00253


                                                 



Before Morriss, C.J., Ross and Hadden,* JJ.
Memorandum Opinion by Justice Ross
*Roby Hadden, J., Sitting by Assignment

MEMORANDUM OPINION

          Tyrone Londale Talton appeals from his conviction by a jury for possession of a
controlled substance. The court sentenced Talton to thirty-two years' imprisonment. The
sufficiency of the evidence to support his conviction is not raised. We include a brief
rendition of the evidence for context.
          The State's evidence, including Talton's written confession, shows that Talton and
Corell Kelly traveled from Atlanta, Texas, to Texarkana, where they purchased twelve
ounces of cocaine. During their return trip to Atlanta, they "snorted some cocaine" and,
with Talton driving, were stopped by the Atlanta police for a driving infraction. The
arresting officer testified that, based on his observation of an open twelve-pack of beer in
the vehicle, the odor of alcohol coming from the driver's side of the car, and Talton's
bloodshot eyes, he suspected that Talton was intoxicated. While attempting to perform a
field sobriety test, a packet of cocaine fell out of Talton's shorts. 
          Talton first contends the trial court erred by quashing his subpoena for Assistant
District Attorney Tina Richardson. Talton argues that he was entitled to call her if her
testimony would be relevant to the case and states that he made an adequate showing she
had relevant evidence in order to require the court to compel her testimony. At the hearing
on that issue, trial counsel stated there were a number of conversations that took place
between the assistant district attorney and various 
players in this matter including an Ark-La-Tex Task Force person, the
Assistant DA and at least one and maybe two officers, and we submit that
the only way we can get to the bottom of what it is is [sic] if we do exactly
what we're suggesting. Otherwise, Mr. Talton will be denied an opportunity
to put on credible evidence of what happened that night.

However, when asked what evidence he expected to introduce, counsel stated he did not
know what evidence could be elicited, but that he needed a chance to find out what had
occurred. 
          Criminal defendants have a right to compulsory process for obtaining witnesses. 
U.S. Const. amend. VI; Tex. Const. art. I, § 10. However, the right to compulsory process
is not absolute. Defendants have the right to secure the attendance of witnesses whose
testimony would be both material and favorable to the defense. Coleman v. State, 966
S.W.2d 525, 527–28 (Tex. Crim. App. 1998). Accordingly, to exercise this right, the
defendant must make a plausible showing to the trial court, by sworn evidence or agreed
facts, that the witness' testimony would be both material and favorable to the defense. Id.
at 528. A claim that the trial court improperly quashed a subpoena is reviewed for an
abuse of discretion. Moore v. State, 109 S.W.3d 537, 543 (Tex. App.—Tyler 2001, pet.
ref'd), cert. denied, ___ U.S. ___, 123 S.Ct. 1768 (2003); Muennink v. State, 933 S.W.2d
677, 684 (Tex. App.—San Antonio 1996, pet. ref'd). 
          The corollary to that rule is that a defendant who has not had an opportunity to
interview a witness may make the necessary showing by establishing the matters to which
the witness might testify and the relevance and importance of those matters to the success
of the defense. Coleman, 966 S.W.2d at 528; see United States v. Valenzuela-Bernal, 458
U.S. 858, 869–71 (1982). 
          In this case, there is no evidence about the nature of the testimony that counsel
sought to compel, and there is nothing in this record to show either that counsel had
interviewed the witness or attempted to do so. Under those facts, we cannot conclude the
trial court abused its discretion by quashing the subpoena. The contention of error is
overruled.
          Talton next contends that, on his filing of a motion to recuse, the trial judge erred
by failing to seek the assignment of another judge to hear that issue. Rule 18a expressly
states that a motion to recuse must be filed at least ten days before the date set for trial
or other hearing, that it shall be verified, and that it must set forth with particularity the
grounds why the judge should not sit. Tex. R. Civ. P. 18a; Stafford v. State, 63 S.W.3d
502, 507 (Tex. App.—Texarkana 2001, pet. ref'd). The Texas Court of Criminal Appeals
has recently held that, when a recusal motion is timely filed, Rule 18a leaves a trial judge
with no discretion—the trial judge must either recuse himself or herself or refer the motion
for another judge to decide. De Leon v. Aguilar, No. 74,760, 2004 Tex. Crim. App. LEXIS
69, at *10–11 (Tex. Crim. App. Jan. 21, 2004). 
          However, a motion to recuse, even though untimely filed, should also be considered
when filed if the matters on which the motion is based arise after the ten-day deadline of
Tex. R. Civ. P. 18a. Martin v. State, 876 S.W.2d 396, 397 (Tex. App.—Fort Worth 1994,
no pet.); Keene Corp. v. Rogers, 863 S.W.2d 168, 171–72 (Tex. App.—Texarkana 1993,
no pet.).
          In this case, the motion was made orally, on the day of trial, after the judge refused
counsel's request to question Richardson as discussed above. Counsel did not, at any
point, file a written motion that complied with Rule 18a. 
          A motion to recuse must be in writing and meet the other requirements of Rule 18a,
no matter at which point it is urged. Barron v. State Attorney Gen., 108 S.W.3d 379, 383
(Tex. App.—Tyler 2003, no pet.).



          Under these facts, and in the complete absence of any attempt to provide the
verified, written motion required by the rule, we find the trial court's obligations under Rule
18a never came into play and no error has been shown. 
          Talton next contends the trial court abused its discretion when it denied his request
for a jury instruction on the voluntariness of his statement. He does not raise any coherent
argument that the statement was not voluntary, but argues instead that, because he could
only raise facts concerning voluntariness by testifying, and thereby lose his right against
self-incrimination, he was entitled to a jury instruction on voluntariness under Article 38.23.


 
There is no authority to support this position, and we do not find the argument persuasive.


 
We overrule the contention of error. 
          We affirm the judgment. 

                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      February 23, 2004
Date Decided:         March 19, 2004

Do Not Publish