

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00126-CR

_____

DONALD REED, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 05F0189-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After police showed several witnesses one or more photographic arrays that "possibly" contained two pictures of the same person—and thereby "possibly" left only five distinct persons being pictured in those arrays—the witness identified Donald Reed as the person who stole more than $20,000.00 worth of cash and property from Loyd "Bubba" Green and his towing business January 4, 2005. Reed unsuccessfully sought to exclude these photographic arrays from evidence. Ultimately, the jury convicted Reed of the theft. *See* TEX. PENAL CODE ANN. § 31.03 (Vernon Supp. 2007). After Reed pled "true" to sentence-enhancement allegations of two prior felony offenses, the jury assessed a fifty-year sentence, which was imposed by the trial court. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2007).

On appeal, Reed contends in two issues that the trial court erred by allowing witnesses to identify him based on what he alleges are suggestive photographic arrays. In a third issue, Reed contends the judgment contains a clerical error. We reform the judgment to correct a clerical error and affirm the judgment as reformed. That result is dictated by our determinations that (1) Reed failed to preserve the photographic-array issues for appellate review, and (2) Reed was properly sentenced for an enhanced third-degree felony, not a first-degree felony.

*(1)    Reed Failed to Preserve the Photographic-Array Issues for Appellate Review*

In his first point of error, Reed contends the trial court erred by admitting testimony about an out-of-court identification made of him by several witnesses. He contends these out-of-court

2

identifications were based on an unduly prejudicial photographic array that contained two pictures of him as one of the six suspects. Reed's second point of error is based on his first, asserting the in-court identifications by these same witnesses should have been excluded because those later identifications were tainted by the previous identifications based on the improper photographic arrays.

To preserve error for appellate review, the complaining party must properly make to the trial court "a timely request, objection, or motion" stating the grounds "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1; *see also Tovar v. State*, 221 S.W.3d 185, 188–89 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Stated differently, the party complaining on appeal about the admission or exclusion of evidence "must, at the earliest opportunity, have done everything necessary to bring to the [trial] judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question." *Martinez v. State*, 91 S.W.3d 331, 335–36 (Tex. Crim. App. 2002); *see also* TEX. R. APP. P. 33.1; *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005); *Tovar*, 221 S.W.3d at 188–89. We are not allowed to reverse a trial court's evidentiary decision on the basis of any reason that was not first presented to the trial court. *State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007).

Reed did not file a pretrial motion to suppress the photographic arrays. Nor did Reed object to the in-court identifications made by three witnesses that Reed was the person who stole over

$20,000.00 in cash and other property from Green. Nor did Reed object to any of the testimony from Green or Jason Gaspard, an employee of Green's business, regarding their out-of-court identifications of Reed made from the photographic arrays. Instead, Reed waited until the State sought to admit two of those photo arrays to raise any kind of objection. At that time, Reed said, "Your Honor, I'm going to object to the introduction of the lineups, and I would get to why when I get my chance to cross-examine officer White." The trial court responded, "Well, the objection will be overruled, if that just be the basis, all that is stated to the Court. The objection will be overruled." Reed proffered no further justification for exclusion of the photographic arrays.

Reed's objection to the State's photographic arrays constituted only a general objection to these exhibits. Reed offered no specific explanation for his objection and provided the trial court with no basis in law or fact for the exclusion of the photographic arrays. As such, Reed's first objection to these exhibits was clearly insufficient to apprise the trial court of the basis for excluding the arrays. Accordingly, Reed failed to preserve this issue for appellate review. *Cf. Simmons v. State*, 100 S.W.3d 484, 492–93 (Tex. App.—Texarkana 2003, pet. ref'd) (trial counsel's failure "to clearly notify" trial court of basis of objection at time evidence was to be admitted waived issue for appellate review); *Teixeira v. State*, 89 S.W.3d 190, 192–93 (Tex. App.—Texarkana 2002, pet. ref'd) (general objection to qualifications or reliability of expert held insufficient to preserve appellate

4

challenge); *Moore v. State*, 109 S.W.3d 537, 541–42 (Tex. App.—Tyler 2001, no pet.).[1]  We overrule Reed's first and second points of error.

*(2)     Reed Was Properly Sentenced for an Enhanced Third-Degree Felony, Not a First-Degree Felony*

In his final appellate issue, Reed contends the trial court's judgment contains an error in reciting that Reed was convicted for first-degree felony theft.  The State fails to address this issue.  Reed is correct.

First-degree felony theft is the taking of property valued at more than $200,000.00.  TEX. PENAL CODE ANN. § 31.03(e)(7).  The jury's verdict states it found Reed guilty of theft of property valued at more than $20,000.00 but less than $100,000.00.  Theft of property valued at this lesser amount is a third-degree felony.  *See* TEX. PENAL CODE ANN. § 31.03(e)(5).

The punishment range for a third-degree felony is between two and ten years' imprisonment.  TEX. PENAL CODE ANN. § 12.34 (Vernon 2003).  The applicable punishment range in this case was, however, increased from that provided for third-degree felonies to the same punishment ranges as that provided for first-degree felonies because Reed pled "true" to having been previously, finally, and sequentially convicted of two other felony offenses.  *Compare* TEX. PENAL CODE ANN. § 12.42(d) (enhanced punishments for repeat and habitual felony offenders) *with* TEX. PENAL CODE

---

[1]We additionally note that none of the trial witnesses affirmatively testified that Reed's picture appears more than once in any of the arrays.  At best, the testimony of one witness might suggest that someone *other than* Reed might "possibly" appear twice in State's Exhibit 7 and State's Exhibit 14.  There is not even the barest suggestion anywhere in the record that any of the photographs comprising State's Exhibit 8 are of the same person as another pictured in that array.

ANN. § 12.32 (Vernon 2003) (punishments for first-degree felony offenses). The jury's verdict form on punishment took into account Reed's status as an habitual offender, authorizing punishment at the higher level applicable in this case.

While Reed was punished within the proper, applicable punishment range based on this crime and his criminal history, he was, nonetheless, convicted of only a third-degree felony. The notation on the trial court's judgment that Reed was convicted of a first-degree felony is a clerical error, not the product of judicial reasoning. Thus, we are authorized to reform the trial court's judgment so that it may speak the truth. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Smith v. State*, 223 S.W.3d 690, 696–97 (Tex. App.—Texarkana 2007, no pet.). We, therefore, reform the trial court's judgment to reflect that Reed was convicted by a jury of theft of property valued at greater than $20,000.00 but less than $100,000.00, a third-degree felony, and that he was punished within the range prescribed by the statute, which provides enhanced punishments for habitual and repeat felony offenders.

We affirm the trial court's judgment as reformed.


Josh R. Morriss, III
Chief Justice


Date Submitted:     March 19, 2008
Date Decided:       March 28, 2008

Do Not Publish

6