George **SUAREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–99–00456–CR.

Court of Appeals of Texas, San Antonio.

Sept. 6, 2000.

**326**

Suzanne M. Kramer, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, SARAH DUNCAN, Justice.

## OPINION

Opinion by: TOM RICKHOFF, Justice.

A jury convicted George Suarez of burglary of a habitation and assessed punishment at 25 years confinement. We are asked to determine whether the evidence was sufficient to support the verdict and whether the trial court erred by not compelling the testimony of Suarez's co-defendant. Finding the evidence sufficient and that the trial court did not err, we affirm the judgment.

## SUFFICIENCY OF THE EVIDENCE

Suarez asserts the evidence is legally and factually insufficient to support the jury's verdict. He contends the only evidence of his guilt was the speculation testimony of the complainant, Pablo Martinez.

### A. STANDARD OF REVIEW

When considering a legal sufficiency challenge to the evidence, we view all evidence and the reasonable inferences therefrom in the light most favorable to the verdict. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Wilkerson v. State,* 881 S.W.2d 321, 324 (Tex.Crim.App.1994). We then determine whether any rational trier of

fact could find the crime's essential elements beyond a reasonable doubt. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789; *McDuff v. State,* 939 S.W.2d 607, 614 (Tex. Crim.App.1997). We apply the same standard of review to evidence that is circumstantial as well as direct. *See Geesa v. State,* 820 S.W.2d 154, 158 (Tex.Crim.App. 1991).

In considering a factual sufficiency challenge, we do not view the evidence through the prism of "in the light most favorable to the prosecution." *Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App. 1997); *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Instead, we examine all of the evidence impartially, and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain,* 958 S.W.2d at 410; *Clewis,* 922 S.W.2d at 129. We must defer to the factfinder, and may find the evidence factually insufficient only where necessary to prevent manifest injustice. *See Cain,* 958 S.W.2d at 407.

### B. ANALYSIS

On a Sunday afternoon in July 1998, Pablo Martinez, his wife, Cathy, and their three children returned from church services in the family van. Upon arriving at their home, Pablo saw an unfamiliar car parked in his driveway at the rear of the house. Pablo told his family to stay in the van, and he walked toward the rear of his house, where he saw two men coming out of the house. The two men were Suarez and Trinidad Riojas. Riojas, who was holding Pablo's television, handed the television to Pablo, who took the television and put it on the ground. Suarez walked to his car, while Riojas walked toward Pablo's van.

Meanwhile, Cathy was trying to call the police on a cellular telephone. When Pablo saw Riojas try to grab the telephone away from Cathy, he ran toward Riojas. Cathy went to a neighbor's house, and called the police. Suarez and Riojas got

into the van, with Pablo's three children still inside the van. Suarez tried to start the van, but Pablo had the keys. Suarez told Pablo to give him the keys, Pablo refused, and all three men briefly struggled outside the van. When they could not get the keys away from Pablo, Riojas walked away and Suarez walked back to his car. Suarez tried to start his car, while Pablo tried to pull him out of the car. Suarez initially drove his car forward, running over Pablo's television. Suarez then put the car in reverse and attempted to back out of Pablo's driveway, but the van blocked his way. Suarez got out of the passenger-side of his car, and he and Pablo again struggled in the backyard. Suarez got away from Pablo and ran through an alley behind the house. Pablo jumped a fence, and followed Suarez for several blocks. Eventually, Pablo flagged down a police car and explained what had happened. The police officer arrested Suarez. The police also arrested Riojas. Eventually, everyone arrived back at Pablo's house in separate police cars. The police found more of Pablo's possessions inside Suarez's car.

 Suarez contends the evidence is insufficient because he was merely present at the scene and played no role in the robbery perpetrated by Riojas. The jury was charged on the law of parties and criminal responsibility for the conduct of another. For one to be criminally responsible as a party, the State must prove that the defendant acted with the intent to promote or assist in the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person in its commission. TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 1994); *Romo v. State*, 568 S.W.2d 298, 303 (Tex. Crim.App.1978) (opinion on reh'g). Where the evidence shows a defendant was not the primary actor, but at most responsible for the actions of the primary actor, the State must prove or the record must show conduct constituting the offense plus an act or acts by the defendant done with

intent to promote or assist such conduct. *Beier v. State*, 687 S.W.2d 2, 3 (Tex.Crim. App.1985). Evidence is sufficient to support a conviction under the law of parties where the actor is physically present at the commission of the offense, and encourages the commission of the offense either by words or other agreement. *Id.*

 Participation in a criminal offense may be inferred from the circumstances. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex.Crim.App.1987). While an agreement of the parties to act together in common design seldom can be proved by direct evidence, reliance can be had on the actions and words of the parties showing by either direct or circumstantial evidence, an understanding and common design to do a certain act. *Ex parte Prior*, 540 S.W.2d 723, 727–28 (Tex.Crim.App.1976).

 Mere presence or even knowledge of an offense do not make one a party to the offense. *Oaks v. State*, 642 S.W.2d 174, 177 (Tex.Crim.App.1982). Presence at the scene of the commission of the offense is, however, a circumstance which, when taken with other facts, may be sufficient to show that the accused was a participant. *Harris v. State*, 645 S.W.2d 447, 457 (Tex.Crim.App.1983). Moreover, one's acts committed after the offense is completed cannot make him a party to the offense. *Morrison v. State*, 608 S.W.2d 233, 235 (Tex.Crim.App.1980). However, acts committed before, during, and after the offense may be considered by the court in deciding whether a defendant participated in a common scheme for purposes of party liability. *Beier*, 687 S.W.2d at 4. And flight, though not dispositive, can be considered by the trier of fact as an indication of guilt. *Alba v. State*, 905 S.W.2d 581, 586 (Tex.Crim.App.1995).

Here, the jury was presented with the following evidence that Suarez: was inside Pablo's home; walked out of the home with Riojas, who was carrying Pablo's television; tried to flee in Pablo's van, his own car, and on foot; struggled with Pablo to

get the keys to the van; and had stolen possessions belonging to Pablo in his car. Viewed in the light most favorable to the verdict, we hold the evidence was legally sufficient to support the verdict. When reviewing all the evidence impartially, we find the verdict was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. We hold the evidence was factually sufficient to support the jury's verdict.

### RIGHT TO COMPULSORY PROCESS

During trial and outside the jury's presence, Suarez told the trial court he intended to call Riojas to establish that Riojas acted alone in committing the burglary. The court asked Riojas's attorney if she had any objections; and she replied that while she had no objections to him being called as a witness, he would assert his Fifth Amendment right against self-incrimination as to any question put to him. The State told the court that Riojas was on probation and answering any questions might subject him to having his probation revoked. The trial court, expressing its concern that there were other offenses committed during the underlying offense for which Riojas could face criminal charges, allowed Riojas to invoke his Fifth Amendment right.

Suarez then asked that he be allowed to call Riojas as a witness and have him invoke his Fifth Amendment right in the jury's presence. The State objected, arguing that Riojas should not be subjected to invoking his Fifth Amendment right in the jury's presence. The trial court agreed with the State, and did not allow Suarez to call Riojas as a witness.

■ On appeal, Suarez asserts he was denied his constitutional right to compulso-

ry process because the trial court did not allow him to call Riojas as a witness.[1]

■ A defendant's right to subpoena witnesses in his favor arises out of the United States Constitution's Sixth Amendment right of compulsory process. U.S. CONST. amend. VI. Article I, The Texas Constitution provides that criminal defendants have a right to "compulsory process for obtaining witnesses." TEX. CONST. art. I, § 10. The Sixth Amendment right to compulsory process "is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). The Texas Court of Criminal Appeals has recognized that "the right of the accused to have compulsory process for obtaining witnesses in his behalf as guaranteed by the Sixth Amendment is so fundamental and essential to a fair trial that it is incorporated in the due process clause of the Fourteenth Amendment and is applicable to state trials." *Brito v. State*, 459 S.W.2d 834, 837–38 (Tex.Crim.App.1970) (citing *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967)); *see also Hardin v. State*, 471 S.W.2d 60, 62 (Tex. Crim.App.1971).

■ Generally, a defendant's right to compulsory process is denied when the state arbitrarily denies a defendant the right to put on the stand a witness whose testimony would have been relevant and material to his defense. *See Ex parte Scarbrough*, 604 S.W.2d 170, 173–74 (Tex. Crim.App.1980); *Hardin*, 471 S.W.2d at 62. Here, it is clear from the record that Riojas intended to invoke his Fifth Amend-

1. The State contends Suarez waived this complaint, relying on a portion of the record in which Suarez's attorney states, "And, again, just for the record, I am therefore denied the right to cross-examine this witness in front of the jury, thereby allowing the jury to weigh the credibility of this witness." The State argues the complaint at trial regarding cross-

examination does not comport with the complaint on appeal regarding compulsory process. We disagree. A complete review of the record reveals Suarez's attorney was specific as to his complaint that he was being denied his constitutional right to compulsory process.

ment right. In a criminal prosecution, the accused's right to compulsory process under the Sixth Amendment does not override a potential witness' Fifth Amendment privilege against self-incrimination. *See Bridge v. State,* 726 S.W.2d 558, 567 (Tex. Crim.App.1986); *see also Ellis v. State,* 683 S.W.2d 379, 382–83 (Tex.Crim.App. 1984), and cases cited therein.

 Suarez argues Riojas did not have the right to invoke his Fifth Amendment privilege because there were no pending charges against him and he had already pled guilty to the underlying offense. Suarez asserts the State could not have used any of Riojas's testimony against him; therefore, the trial court erred in allowing him to invoke his Fifth Amendment right. However, the trial court was informed that Riojas intended to invoke the privilege and that he intended to do so at the advice of his attorney. The advice to Riojas by his legal counsel relieved the trial court of the obligation to make any further determination of whether Riojas's assertion of the privilege was valid. *See Chennault v. State,* 667 S.W.2d 299, 302 (Tex.App.-Dallas 1984, pet. ref'd). This is particularly true if the privilege is claimed in good faith. *See Ross v. State,* 486 S.W.2d 327 (Tex.Crim.App.1972). The record is devoid of any evidence that Riojas claimed his privilege in bad faith. Even when a co-defendant has pled guilty and has been sentenced in connection with the offense, he may still properly invoke his Fifth Amendment privilege against self-incrimination, because if his testimony contradicts any previous judicial admissions, he could be subject to the charge of perjury. *See Delrio v. State,* 866 S.W.2d 304, 306 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd).

 The critical inquiry for the trial court to make before it excludes testimony is whether a potential defense witness who may have a privilege against testifying intends to invoke that privilege, or intends to waive that privilege if called to the stand. The intentions of a potential witness, if not already apparent, can be determined by questioning that potential witness at a hearing outside the presence of the jury. *See Bridge,* 726 S.W.2d at 567. Once the potential witness indicates that he will invoke his constitutional privilege, the court need not call him to the stand before the jury. *Id.*

 During the hearing outside the jury's presence, Riojas himself took the stand and invoked his Fifth Amendment privilege. It was apparent to the trial court that Riojas would invoke his privilege at trial and that to call him to the witness stand would result only in his assertion of the privilege. A defendant does not have the right to have a witness invoke the Fifth Amendment privilege in the presence of the jury. *See Bridge,* 726 S.W.2d at 567. Such testimony has no value and would only be prejudicial.

We hold that the trial court did not err when it did not compel Riojas to testify after learning that he would invoke his Fifth Amendment privilege upon his attorney's advice.

We affirm the trial court's judgment.