In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-048 CR


____________________



NORMAN RAY BAYNES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Court Cause No. 00-10-06767-CR






O P I N I O N


 Norman Ray Baynes was convicted of felony theft and sentenced to ten years in the
Texas Department of Criminal Justice, Institutional Division. He says that the evidence
was legally insufficient to support his conviction. In evaluating the legal sufficiency of
evidence, we view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979). We consider all evidence presented at trial, although we may not re-weigh the evidence and substitute our judgment for that of the jury. King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000). Where the record supports conflicting inferences, we will
presume that the trier of fact resolved such conflicts in favor of the prosecution, and defer
to that resolution. Clewis v. State, 922 S.W.2d 126, 148 (Tex. Crim. App. 1996) (citing
Jackson, 443 U.S.at 326). 

 A witness testified that while working late at a business in New Caney he noticed
a pickup circling through the business's driveway. He later saw the driver and the
passenger getting back into the truck; the witness saw the handles of a lawnmower in the
bed of the truck. The witness got in his own vehicle to pursue the truck. He saw the truck
connected to a jet ski trailer, with jet skis on it. He tried, unsuccessfully, to block the
pickup. He followed the truck until he saw a constable who then began to pursue the
truck. 

 Lieutenant Raymond Moore testified that he was making a traffic stop when a man
pulled up and reported "stolen jet skis." Moore observed a pickup truck towing jet skis
driving at high speed, running other vehicles off the road. He began to pursue it. The
truck fled at speeds of eighty to ninety miles per hour, but finally reached the end of a
dead-end road. The driver and the passenger fled on foot, with the passenger running
across a pasture. Moore unsuccessfully pursued the driver, but the passenger was caught
by other officers. Moore identified Baynes as the passenger. 

 Detective Craig Lawson testified that on the afternoon of the offense he responded
to a radio call about a chase in progress. When he reached the end of the dead-end road
where the chase concluded, he saw a neighbor pointing into a pasture. Lawson and
another officer then followed a driveway in that direction to a house. A man, who Lawson
identified as Baynes, was underneath the house. After initially refusing orders to come out
from under the house, Baynes eventually complied and was handcuffed and informed of
his rights. 

 Byron Smith testified that he was the owner of the jet skis and had given no one
consent to take them from his property. A check for $2,300.00 was entered into evidence,
which Smith identified as a check he wrote for the purchase of the two jet skis and the
trailer. The court's charge instructed the jury on the law of parties. 

 Baynes contends that: 

 [N]o one saw Appellant take the jet skis; and, no one saw Appellant help
anyone else take the jet skis. In addition, the evidence was insufficient to
prove the value of the two jet skis to be $1500 or more. 


 We disagree. There was sufficient evidence to convince a rational fact finder beyond
a reasonable doubt that Baynes was guilty of theft, either as a principal or as a party.
Jurors may use common sense and apply common knowledge when drawing inferences
from the evidence. See Clark v. State, 952 S.W.2d 882, 886 (Tex. App.--Beaumont 1997,
no pet.). The jury heard testimony that the passenger was in the truck when the first
witness initially noticed it, that the witness followed the truck directly to the location where
he saw the truck, jet ski trailer, and the jet skis, that the witness chased the truck until
Lieutenant Moore began to pursue it, and that Moore pursued the truck until the chase
ended and the male passenger ran from the truck. The jury could therefore rationally infer
that Baynes was present at the jet ski theft. While mere presence at the scene of an offense
is not alone sufficient to support a conviction, it is a circumstance tending to prove guilt,
which, combined with other facts, may suffice to prove participation. See generally Suarez
v. State, 31 S.W.3d 323, 327 (Tex. App.--San Antonio 2000, no pet.). Baynes was found
hiding under a house near the location where the chase ended. Evidence of flight from the
scene of a crime is a circumstance from which an inference of guilt may be drawn. Id. 
In addition, when a defendant is found in possession of recently stolen property under
circumstances which offer no reasonable explanation, the factfinder may draw an inference
of guilt. See Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). No evidence
was presented of a reasonable explanation, or any explanation, for Baynes' possession of
the stolen jet skis. The owner of the jet skis testified that their value was over $1,500.00,
as charged in the indictment. The sole point of error is overruled.



 The judgment of the trial court is AFFIRMED.


 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on April 23, 2002

Opinion Delivered May 29, 2002

Do Not Publish


Before Walker, C.J., Burgess, and Gaultney, JJ.