# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00204-CR

**Jermaine Q. Lofton, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 005541, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## MEMORANDUM OPINION

Appellant Jermaine Q. Lofton, Sr. appeals his conviction for causing serious bodily injury to a child. *See* Tex. Pen. Code Ann. ' 22.04(a)(1) (West 2003). The jury having found appellant guilty, also found that appellant had been previously convicted of a prior felony as alleged[1] and assessed his punishment at seventy-five years= imprisonment.[2] We will affirm the conviction.

## Points of Error

Appellant advances six points of error, all claiming that the trial court committed reversible error. First, appellant complains that he was denied his federal and state constitutional

---

[1] The prior 1993 felony conviction was for possession of cocaine, a second degree felony. The probation granted in 1993 was revoked in 1997.

[2] The punishment was assessed under the provisions of section 12.42(c)(1). Tex. Pen. Code Ann. ' 12.42(c)(1) (West 2003).

rights to compulsory process when a material defense witness, his wife, was permitted to claim her privilege against self-incrimination. Second, appellant urges that the trial court erred in permitting a state psychiatrist to testify at the penalty stage of the trial regarding his mental condition following illegal interviews. Third, appellant avers that the trial court erred in commenting on the weight and sufficiency of the evidence during jury argument. Fourth, appellant contends that the trial court erred in admitting into evidence thirteen photographs of the two-month-old child victim. Fifth, appellant asserts that a witness should not have been permitted to give his opinion testimony as to appellant=s status as a peaceful and law abiding citizen. Sixth, appellant claims that the trial court erred in failing to order the State to give appellant ATCIC and NCIC@ data on potential jurors.

**Facts**

Appellant does not challenge the legal or factual sufficiency of the evidence to sustain the conviction for intentionally causing serious bodily injury to his own two-month-old son. A brief recitation of the facts will place the points of error in proper perspective.

Austin Police Officer Edward Johnson was off-duty on June 3, 2000. In the afternoon, he was driving his children to a park. While on Ed Bluestein Boulevard, Johnson=s attention was directed to a small red car being driven by a man, later identified as appellant. Appellant was holding a human infant upside down by the ankle outside the driver=s window of the car moving at speeds of forty and fifty-five miles per hour. A female front seat passenger later identified as appellant=s wife, Katrina Lofton, appeared to be trying to exit the moving car. Officer Johnson called the police on his cellular phone and continued to follow the red car. Appellant stopped at the next traffic light and then turned left onto Manor Road. Katrina Lofton then jumped from the red car and rolled to the

2

curb. Appellant eventually stopped in the middle of the road, got out holding the baby by the neck. Officer Johnson told appellant to put the child down. Appellant laughed and shook the child violently. He turned and ran towards the parking lot of a nearby shopping center. Johnson followed and a crowd formed behind him. Johnson asked a bystander to summon the off-duty police officer at the HEB grocery store. Officer Anthony Coleman arrived almost immediately to assist Johnson. When Coleman reached for his holstered gun, appellant told Coleman not to do so or he would slam the baby to the ground. Johnson told Coleman to back off. Johnson kept talking to appellant. The gathering crowd was yelling at appellant. Leaping into the air, appellant slammed the baby to the ground, who hit the concrete sidewalk and rolled onto the grass. Appellant fled from the scene but was tackled by Johnson as police units arrived. Coleman and two nurses rushed to the aid of the child who was not breathing, but soon gasped for air. The child was rushed to the hospital by ambulance.

Dr. Ron Wilson, a pediatric neurosurgeon, treated the child victim, Jermaine Q. Lofton, Jr., for brain swelling and possible seizures. Brain surgery was required to repair skull fractures and reduce the pressure caused by the injuries. Dr. Wilson explained that the child=s parietal lobe was torn and had to be removed. This part of the brain controls the movements necessary to allow complicated learned tasks. Loss of brain matter from this area usually results in right-sided weakness and difficulty in walking. The child will always remain at risk for seizures because of the scarring in the brain that results as a part of the healing process.

Appellant offered evidence that earlier on June 3, 2000, a Houston police officer responded to a Awelfare [of a child] call@ and found appellant with a baby whom appellant claimed to be his son. During the encounter, appellant entered a patrol car and said he wanted Ato come to

**3**

Austin, Texas.@ When the officer refused, appellant began to read from the Bible as he walked along the street.  Appellant was not taken into custody and the baby was released to the baby=s mother who arrived on the scene.

The defense also offered evidence that in the early morning hours of April 9, 2000, appellant was running naked through traffic in front of the Austin Police Department Headquarters. He appeared incoherent and was taken to a hospital for psychiatric examination.

## Order of Consideration

We shall consider appellant=s contentions in chronological order as they allegedly occurred during trial rather than as appellant has numbered his contentions.

## Request for Criminal Records of Jury Panel Members

In his sixth point of error, appellant complains that the  Atrial court committed reversible error when it failed to order the State to prove TCIC and NCIC data on potential jurors in violation of the 5th and 14th amendments to the United States Constitution.@ During the voir dire examination of the jury panel, there was a colloquy at the bench concerning challenges for cause. The prosecutor called attention to a Alady who our records show has a theft by check conviction out of Bastrop County.@ The parties agreed to a challenge for cause to this particular prospective juror. Thereafter, the record reflects:

Mr. Evans [Defense Counsel]:    Judge, for the record, *if* the state has any TCIC or NCIC information about different jurors, we would sure ask for that to be shared with defense counsel because I believe it is an unfair situation as far as

**4**

checking out the background of these jurors. [Emphasis added].

The Court:                Your objection is noted and overruled.

Appellant made no effort to establish that the State had in its possession information from the Texas Criminal Information Center (TCIC) or the National Criminal Information Center (NCIC) about the members of the particular jury panel. This Court is in no position to determine if any error occurred, much less reversible error as urged by appellant. There is no merit to appellant=s contention. The sixth point of error is overruled.

## Compulsory Process

In his first point of error, appellant contends that the Atrial court committed reversible error by refusing to compel a material defense witness to answer questions propounded to her by defense counsel, in violation of article I, subsection 10 of the Texas Constitution, article 1.05, C.C.P., and the Sixth Amendment to the United States Constitution.@

In the absence of the jury, appellant called his wife, Katrina Lofton, as a witness. She was incarcerated and was brought into the courtroom by the Asheriff.@ Her attorney, Lad Slavik, informed the court that his client would invoke the Fifth Amendment to the United States Constitution and claim her privilege against self-incrimination. In response to the trial court=s inquiry, the State stated it was not offering immunity to the witness. Katrina Lofton was sworn and personally invoked her Fifth Amendment right not to testify. Appellant asked the trial court to order the witness to testify, but the court refused in light of the invocation of the Fifth Amendment. Shortly thereafter, the court went Aoff the record.@ Back on the record, the trial court announced that the

**5**

potential witness had three pending felony cases and had not been granted immunity Ain this case.@ The prosecutor added that the witness was on probation in still another felony case, but there were no current charges growing out of the instant transaction on trial. The prosecutor, in response to the trial court=s inquiry, explained her efforts to reach an agreement with the witness and her attorney to testify for the State, but to no avail. Appellant then objected to the trial court=s refusal to order his wife to testify, contending that she was a material witness, that there were no pending charges against her growing out of the instant transaction, and that under the circumstances, his wife=s invocation of the Fifth Amendment was not proper. The objection was overruled.

Appellant=s counsel then made an offer of proof regarding Katrina Lofton=s expected testimony. *See* Tex. R. Evid. 103(a)(2), (b). At the conclusion of the offer, the trial court stated: AYour bill of exceptions is noted and on the record.@[3]

In *Washington v. Texas*, 388 U.S. 14 (1967), the United States Supreme Court stated:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant=s version of the facts as well as the prosecution=s to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution=s witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

---

[3] There was no informal bill of exceptions where the witness, who had claimed her Fifth Amendment rights, was interrogated. There was a mere offer of proof. Appellant=s use of the term Abill of exceptions@ in his brief is misleading as to what actually occurred.

*Id.* at 19; *see also Coleman v. State*, 966 S.W.2d 525, 527 (Tex. Crim. App. 1998); *Suarez v. State*, 31 S.W.3d 323, 328 (Tex. App.CSan Antonio 2000, no pet.).  A criminal defendant=s right to compel witnesses to appear on his behalf is basic and fundamental.  *See Willis v. State*, 626 S.W.2d 500, 504 (Tex. Crim. App. 1979); *see also Adanandus v. State*, 866 S.W.2d 210, 228 (Tex. Crim. App. 1993); *Hardin v. State*, 471 S.W.2d 60, 62 (Tex. Crim. App. 1971).  To exercise the right to compulsory process, a defendant must make a plausible showing that the witness=s testimony is both material and favorable to the defendant.  *Coleman*, 966 S.W.2d at 527-28.  The matter is normally addressed to the discretion of the court.  *Drew v. State*, 743 S.W.2d 207, 225 n.11 (Tex. Crim. App. 1987).

The right of an accused in a criminal prosecution to compulsory process for obtaining witnesses in his favor is not absolute.  *See Weaver v. State*, 657 S.W.2d 148, 150 (Tex. Crim. App. 1983); *Moore v. State*, 78 S.W.3d 387, 391 (Tex. App.CTyler 2001, pet. ref=d); *Muennink v. State*, 933 S.W.2d 677, 684 (Tex. App.CSan Antonio 1996, pet. ref=d).  The right of an accused to present relevant evidence is subject to reasonable restrictions to accommodate other legitimate interests in the criminal trial process.  *Roise v. State*, 7 S.W.3d 225, 239 (Tex. App.CAustin 1999, pet. ref=d) (citing *United States v. Scheffee*, 523 U.S. 303, 308 (1998)); *Taylor v. Illinois*, 484 U.S. 400, 410 (1988).  While an accused has the right to call witnesses in his favor, this right does not preclude a witness from asserting his or her privilege against self-incrimination.  *See Smith v. State*, 665 S.W.2d 202, 204 (Tex. App.CSan Antonio 1984, no pet.).  A witness=s proper assertion of her Fifth Amendment privilege against self-incrimination overrides a defendant=s right to compulsory process.  *Bridge v. State*, 726 S.W.2d 558, 567 (Tex. Crim. App. 1986); *Grayson v. State*, 684 S.W.2d 691, 696 n.2 (Tex.

**7**

Crim. App. 1984); *Ellis v. State*, 683 S.W.2d 379, 383 (Tex. Crim. App. 1984); *Knotts v. State*, 61 S.W.3d 112, 118 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).

Appellant complains, however, that the trial court did not properly determine the relevance of his wife=s Fifth Amendment claim based on the evidence and the personal perception of the trial court. *See Hoffman v. United States*, 341 U.S. 479, 481 (1951). Appellant notes that his wife had not yet been charged in the instant transaction and claims that the other pending felonies and the probation case were Aunrelated.@ He offers no authority that this would undermine his wife=s Fifth Amendment claim. The record does not reflect that the privilege was claimed in bad faith. A trial court is relieved of the obligation to make further determination of whether the witness=s assertion of the Fifth Amendment privilege is valid after learning that the witness=s legal counsel advised the assertion of the privilege. *Suarez*, 31 S.W.3d at 329; *Castillo v. State*, 901 S.W.2d 550, 553 (Tex. App.CEl Paso 1995, pet. ref=d); *Chennault v. State*, 667 S.W.2d 299, 302 (Tex. App.CDallas 1984, pet. ref=d). This is particularly true if the privilege is claimed in good faith. *See Ross v. State*, 486 S.W.2d 327, 328 (Tex. Crim. App. 1972). The record reflects that the witness was represented by counsel who advised her the morning she came to court, and once again in the courtroom. Counsel informed the trial court that the witness would claim her Fifth Amendment privilege and after the witness was sworn, she personally invoked that right. The trial court did not abuse its discretion and did not err.

In addition to his claim of a Sixth Amendment violation of compulsory process, appellant also claims a violation of article I, section 10 of the state constitution. If it be appellant=s contention that the state constitution afforded him greater rights than the Sixth Amendment to the

**8**

United States Constitution, he has not briefed that issue. Therefore, we will not address the state constitutional issue, if any. *Hall v. State*, 67 S.W.3d 870, 874 (Tex. Crim. App. 2002); *Muniz v. State*, 851 S.W.2d 235, 251-52 (Tex. Crim. App. 1993). The same is true of appellant=s bare assertion of rights under article 1.05. Tex. Code Crim. Proc. Ann. art. 1.05 (West 1977). *See also* Tex. R. App. P. 38.1(h). The first point of error is overruled.

## Photographs

In his fourth point of error, appellant asserts that the Atrial court committed reversible error by improperly admitting 13 photographs taken of the 2 month old victim of Tex. R. Evid. 403.@ Appellant mentions that these were thirteen colored photographs taken of the child in the intensive care unit of a hospital. He does not, however, direct our attention to that portion of the record where such photographs were offered and admitted nor does he give us the exhibit numbers or names of the sponsoring witness or witnesses. In fact, appellant does not tell us if he objected or what his objection was. Our briefing rules clearly have not been followed. *See* Tex. R. App. P. 38.1(h). Appellant cites several cases but he does not apply these holdings to the unidentified photographs except to generally urge that their probative value was substantially outweighed by the unfair prejudice to him.

The State, in its brief, assumes that appellant has reference to the photographs introduced during the testimony of Officer Edward Johnson. The officer, who saw appellant holding his baby son out of the car window and who was present when the child was slammed to the sidewalk, visited the child the next day in the intensive care unit of a hospital. Johnson verbally described the condition of the child and the injuries he observed on the child. When shown State=s exhibits 26 through 38, Johnson agreed that these photographs fairly depicted the way the baby

**9**

appeared in the hospital the day after the incident in question. The photographs were taken prior to any operation. When the State proffered the exhibits, appellant objected that they were inflammatory and Amore prejudicial than probative.@

Although Rule 403 of the Texas Rules of Evidence was not mentioned, the trial court carefully conducted a hearing in the absence of the jury. Each exhibit was examined and the prosecutor pointed out the various injuries shown in each photograph. At the conclusion of the Rule 403 hearing, appellant-s objection was overruled and the photographs were admitted into evidence before the jury after the process of balancing the probative value of the evidence against the unfair prejudice.

The approach under Rule 403 is to admit relevant evidence unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence. Tex. R. Evid. 403; *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh=g). The rule favors the admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial. *Long v. State*, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991).

A photograph is relevant if it has Aany tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence.@ Tex. R. Evid. 401. The admission of photographs into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Wyatt v. State*, 23 S.W.3d 18, 29 (Tex. Crim. App. 2000).

In determining whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403, we have examined the factors listed in *Long*, 823 S.W.2d at 272. Those include the number of exhibits, their gruesomeness, their detail, their size, whether the photographs are black and white or in color, whether they are close-ups, and whether the body is clothed or naked. This test is not exclusive and any unique circumstances should also be considered. *Wyatt*, 23 S.W.3d at 29; *Long*, 823 S.W.2d at 272. Appellant was charged with intentionally or knowingly causing serious bodily injury to a child. The photographs were used to show the injuries inflicted. The photographs are not particularly offensive considering the circumstances. Colored photographs of this nature are frequently seen daily in television newscasts. The instant photographs were not enhanced in any way and portray no more than the gruesomeness of the injuries inflicted. *See Wyatt*, 23 S.W.3d at 30. We hold that the trial court did not abuse its discretion in admitting the evidence. If these were in fact the photographs to which appellant had reference in his brief, the photographs were prejudicial like most State=s incriminating evidence in establishing the elements of an alleged offense beyond a reasonable doubt, but were not unfairly prejudicial.

Moreover, Kathryn Johnson, the child victim=s maternal grandmother, testified that she had seen the child in the hospital the day after the incident. Without objection, she recognized State=s exhibits 26 through 32 as being photographs of the two-month-old baby in the hospital. She further personally described some of the child=s injuries. The overruling of an objection to evidence will not result in reversal when other such evidence is received without objection, either before or after the complained of ruling. This rule applies whether the other evidence is introduced by either

**11**

the defendant or the State. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993); *Anderson v. State*, 717 S.W.2d 622, 626-27 (Tex. Crim. App. 1986). We overrule appellant=s fourth point of error.

**Trial Court=s Comments**

In his third point of error, appellant advances the claim that the Atrial court committed reversible error by improperly commenting on the weight and sufficiency of the evidence in violation of C.C.P. 38.05 and the 5th and 14th amendments to the United States Constitution.@ The complained of statements were made at the conclusion of the jury arguments.

Appellant filed a notice of intention to pursue the defense of insanity. *See* Tex. Code Crim. Proc. Ann. art. 46.03(2) (West 1979). During the voir dire examination, members of the jury panel were informed of the law regarding the insanity defense and were asked questions concerning that legal defense. At the close of appellant=s case at the guilt-innocence stage of the trial, appellant=s counsel, in the jury=s absence, announced that he was withdrawing appellant=s notice of intention to pursue the defense of insanity. The trial court=s jury charge did not submit the defense because of the lack of evidence and counsel=s announcement. There was no objection to the charge on this basis.

In the State=s closing argument at the guilt/innocence stage of the trial, the prosecutor stated that the Aonly issue is whether the state has proved@ the elements of the offense charged. She then asked the jury Ato think for a minute about the insanity defense,@ whether appellant could be insane one day and not the next, and referred to the discussion on voir dire examination. At the bench, appellant=s counsel objected to the argument, AThere is no evidence that has been presented and it=s not in the charge.@ The objection was sustained. Returning to her argument before the jury,

**12**

the prosecutor pointed out that there was nothing in the charge on the insanity defense. After appellant=s objection thereto was overruled, the prosecutor again pointed out that insanity was not an issue and continued her discussion of the facts in the case.

At the conclusion of the prosecutor=s argument, the trial court called counsel to the bench. The record then reflects:

(At the bench, on the record)

THE COURT: I am going to make it clear that this has been kind of confusing for them and they don=t know that they get a charge on insanity if that was an issue. I=m going to make it clear that insanity is not an issue in this case. It=s not in the charge and it=s not an issue. . . .

MR. EVANS: Your Honor, if the Court is going to make such an instruction or statement to the jury, at this time I would respectfully object because I feel it=s improper and the jury should only be charged from the Court as to what is in the charge and applicable to the case, and a negative instruction, you=re not to consider insanity, is not proper.

THE COURT: Okay. Your objection is noted and it=s overruled. I=ll be very specific that insanity is not an issue in this case.

(Open court, defendant and jury present)

THE COURT: Ladies and gentlemen of the jury, insanity is not an issue in this case. The Court has not charged you on that issue in the Court=s charge.

At this time you may begin your deliberations. Please leave your -- the copy of your charge in your chair.

The State notes that there was no objection to the trial court=s statement to the jury when actually made and that the error, if any, was not preserved for review. *See* Tex. R. App. P. 33.1. If appellant=s previous objection at the bench satisfies Rule 33.1, it does not comport with appellant=s

**13**

complaint on appeal as set out in his third point of error. Nothing is presented for review. *See Curry v. State*, 910 S.W.2d 490, 495 (Tex. Crim. App. 1995); *Hitt v. State*, 53 S.W.3d 697, 708 (Tex. App.CAustin 2000, pet. ref=d). A trial objection stating one legal theory may not be used to support a different legal theory on appeal. *See Parmer v. State*, 38 S.W.3d 661, 668 (Tex. App.CAustin 2000, pet. ref=d).

Article 38.05 upon which appellant relies on appeal provides:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

Tex. Code Crim. Proc. Ann. art. 38.05 (West 1979).

The trial court was not ruling on the admissibility of evidence when it made the statement in question; thus, the first part of article 38.05 is inapplicable, even if the objection was based on the article. The statement was made at the conclusion of jury arguments at the guilt/innocence stage of the trial. Therefore, only the second clause or prohibition of the statute would be applicable.[4] An article 38.05 complaint cannot be raised for the first time on appeal. *See Woods v. State*, 653 S.W.2d 1, 6 (Tex. Crim. App. 1983). Moreover, a trial court=s comment results in reversible error only when it is either reasonably calculated to benefit the State or to prejudice a defendant=s right to a fair and impartial trial. *See Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim.

---

[4] Note here that the third point of error as advanced by appellant claimed that the trial court=s comment was on Athe weight and sufficiency of the evidence.@

**14**

App. 1983); *McClory v. State*, 510 S.W.2d 932, 934 (Tex. Crim. App. 1974); *Aschbacher v. State*, 63 S.W.3d 532, 538-39 (Tex. App.CSan Antonio 2001, pet. ref=d); *Elam v. State*, 841 S.W.2d 937, 941 (Tex. App.CAustin, no pet.). The trial court=s statement to the jury was a correct statement of the law and implicit in the jury charge which had been read to the jury. *See Aschbacher*, 63 S.W.3d at 538; *Jarigan v. State*, 57 S.W.3d 76, 94 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d); *Williams v. State*, 834 S.W.2d 502, 504 (Tex. App.CFort Worth 1992, pet. ref=d). Even if the complaint had been preserved for review, there was no error in the trial court=s statement to the jury. The third point of error is overruled.

### Opinion Testimony

In his fifth point of error, appellant urges that the Atrial court committed error by permitting a witness to testify as to his opinion on whether appellant was peaceful and law-abiding in violation of Tex. R. Evid. 405.@ Rule 405(a) provides:

(a) **Reputation or Opinion.** In all cases in which evidence of a person=s character or character trait is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. In a criminal case, to be qualified to testify at the guilt stage of trial concerning the character or character trait of an accused, a witness must have been familiar with the reputation, or with the underlying facts or information upon which the opinion is based, prior to the day of the offense. In all cases where testimony is admitted under this rule, on cross-examination inquiry is allowable into relevant specific instances of conduct.

During the penalty stage of the trial, the prosecution called Austin Police Detective Robert Merrill as a witness. Merrill testified without objection that in October 1996, he began an investigation that

involved appellant, and that as a result of that investigation appellant was charged with the offense of a felon in possession of a firearmCa nine-millimeter handgun.[5]  The record then reflects:

Q. [by prosecutor]: Do you have an opinion about whether Jermaine Lofton is a peaceful and law-abiding citizen?

MR. EVANS [defense counsel]: Objection, Your Honor.  May we approach?

(At the bench, on the record)

MR. EVANS: We=re getting a little far afield from the proffer, but I don=t believe this is necessarily part of the 404(b) notice as well.

MS. WETZEL [prosecutor]: Do we have to give notice about theC

THE COURT: Peaceful and law-abiding citizen.  It=s just his opinion.  It=s not reputation in the community, so I will allow it.

MR. EVANS: Thank you, Judge.

(Open court, defendant and jury present)

Q. [by prosecutor]: Detective Merrill, do you have an opinion about whether Jermaine Lofton is a peaceful and law-abiding citizen?

B: Yes, I do.

Q. And in your opinion, is he a peaceful and law-abiding citizen?

A: No, he=s not.

---

[5]  Evidence of this underlying felony conviction had already been introduced into evidence.

Appellant did not ask to take the witness on voir dire examination in the jury=s absence to challenge his qualifications nor did he cross-examine the witness.  On appeal, appellant complained that Asince the prosecution failed to establish an adequate predicate to justify the scope of Mr. Merrill=s opinion, the State failed to meet the minimum requirements of Rule 405(a).@  If it can be said that appellant=s trial objection met the specificity requirement of Rule 33.1 of the Rules of Appellate Procedure,[6] it is not the same as appellant=s contention on appeal.  The complaint on appeal must comport with the trial objection or nothing is presented for review.  *See Curry*, 910 S.W.2d at 495; *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991);  *Hitt*, 53 S.W.3d at 708;  *Harnett v. State*, 38 S.W.2d 650, 661 (Tex. App.CAustin 2000, pet. ref=d).  A trial objection stating one legal theory may not be used to support a different legal theory on appeal.  *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *Parmer v. State*, 38 S.W.2d 661, 668 (Tex. App.CAustin 2000, pet. ref=d).  Nothing is presented for review.

---

[6]  *See* Tex. R. App. P. 33.1.

Moreover, Detective Merrill gave opinion testimony at the penalty stage of the trial, the basis of the opinion being possessed prior to the date of the offense charged. Conceptually, different predicates are required for reputation and opinion testimony. *Hollingsworth v. State*, 15 S.W.3d 586, 598 (Tex. App.CAustin 2000, no pet.); *Calderon v. State*, 950 S.W.2d 121, 131 (Tex. App.CEl Paso 1997, no pet.); *see also* 1 Steven Goode et al., *Texas Practice: Guide to the Texas Rules of Evidence* ' 405.2.3 (3d ed. 2002). To be qualified, Merrill must have been familiar with the underlying facts or information upon which his opinion was based. *Ibarra v. State*, 11 S.W.3d 189, 197-98 (Tex. Crim. App. 1999). The State was not required, however, to show that Merrill=s opinion was Abased upon a community observation or talking to people in the community.@ *Hollingsworth*, 15 S.W.3d at 598. Perhaps other facts could have been developed, but we conclude that Merrill was familiar with the underlying facts and information upon which his opinion was based, as were the assistant district attorney in *Hollingsworth* and the chief deputy in *Calderon*, and the sister-in-law in *Ibarra*. Appellant=s reliance upon *Ibarra* is misplaced. If appellant=s contention had been preserved for error, it would be without merit. The fifth point of error is overruled.

**Testimony of Psychiatrist**

In his second point of error, appellant urges that the Atrial court committed reversible error when it permitted a state psychiatrist to testify regarding appellant=s mental condition because such expert opinion was based on illegal interviews of appellant in violation of the 4th and 14th amendments to the United States Constitution and C.C.P. art. 38.23.@

The claimed error occurred at the penalty stage of the trial when Dr. Richard Coons was called to testify in rebuttal. The point of error, if sustained, would entitle appellant only to a new hearing on punishment. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2003). Dr. Coons, an experienced and qualified psychiatrist, was appointed by the trial court as a disinterested expert to determine appellant=s competency to stand trial. *See* Tex. Code Crim. Proc. Ann. art. 46.02, ' 3(a) (West Supp. 2003). Later, Dr. Coons was appointed by the trial court to determine appellant=s sanity at the time of the commission of the offense. *See* Tex. Code Crim. Proc. Ann. art. 46.03, ' 3(a) (West Supp. 2003).

Appellant neither placed at issue his competency to stand trial nor offered evidence to support his insanity defense. In fact, appellant withdrew his notice of intent to use insanity as a defense and that issue was not submitted to the jury at the guilt/innocence stage of the trial. Dr. Coons did not testify at the first phase of the bifurcated trial. At the penalty phase of the trial, appellant called relatives and others as witnesses, including Dr. George Parker, Aa licensed Ph.D. psychologist in private practice,@ who had apparently been appointed by the trial court at the request of appellant=s counsel. Some of the relatives stated that appellant Achanged@ in April 2000, that his actions were sometimes bizarre, that he referred to himself as AJesus Christ,@ and that appellant frequently quoted from the Bible. Dr. Parker, *inter alia*, concluded that appellant was suffering from a drug-induced religious delusion at the time of the offense. Appellant refers to this testimony as advancing Athe theory of diminished capacity.@

In rebuttal, the State called Dr. Coons. Appellant immediately asked to take the witness on voir dire examination in the jury=s absence because of his belief that appellant=s rights were violated Awith regard to custodial interrogation by Dr. Coons.@ In response to the trial court=s inquiry as to what Asection@

**19**

counsel would be arguing, counsel replied A38.22@ and that it was Aa 38.22 objection.@[7] On the voir dire examination, the dates of the court orders appointing Coons were established, as well as the dates that Coons saw appellant in jail to determine the issues, first of competency, and then of insanity. Dr. Coons testified that he had first seen appellant on June 4, and then again on June 5, 2000, after he had been informed on June 4 that the court had appointed him. The written court order appointing Dr. Coons was signed by the trial court on June 5, 2000. Counsel was appointed on June 7, 2000, and Dr. Coons recalled a conversation with counsel on June 8, 2000, in which Dr. Coons informed counsel of the ongoing competency examinations without any protest being made. Dr. Coons did not begin interviewing appellant on the insanity issue until October 2001. It is clear from the record that appellant=s counsel was aware of Dr. Coons=s involvement in the case before counsel offered Dr. Parker=s testimony.

---

[7] Apparently appellant referred to the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.22 (West 1979 & Supp. 2003).

At the conclusion of the voir dire examination, appellant=s counsel attempted to disqualify Dr. Coons as a witness. He objected to the Ataint@ that had evolved from appellant=s interviews with Dr. Coons in violation of appellant=s Aright@ and requested that the entirety of Dr. Coons=s testimony should be stricken,[8] that appellant had requested an attorney, that the first court order was not signed until June 5, 2000, that Dr.Coons=s report to the court Alumped@ all interviews into one paragraph except for the June 5, 2000, and October 14, 2001, interviews, and that the interviews took place under the guidance of the district attorney=s office.

---

[8] At this point, none of Dr. Coons=s testimony had been presented to the jury.

Dr. Coons was then instructed by the trial court not to testify about the competency interviews on June 4 and 5, 2000, but told that he was free to testify about other interviews on the issue of competency and the issue of insanity when questioned before the jury. The witness stated that he had separate notes on each interview and would be able to eliminate the first two interviews. Dr. Coons explained that he had sources other than the interviews concerning any conclusion about which he might be questioned. The trial court noted that it had sustained part of appellant=s objection and overruled the balance thereof.[9] We do not find that appellant objected to any of Dr. Coons=s testimony before the jury.

---

[9] The trial court may on its own motion or that of the defendant, defense counsel, or the State, order one or more experts to examine the defendant with regard to his competency to stand trial. Tex. Code Crim. Proc. Ann. art. 46.02, ' 3(a) (West Supp. 2003). Article 46.02 was drafted to accommodate the trial court=s right to inquire into competency independent of the defendant=s request. 42 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* ' 26.21 (2d ed. 2001). Although it is better practice, we do not find any requirement in article 46.02

On appeal, appellant asserts that Dr. Coons=s testimony was particularly harmful to appellant because it contradicted the mitigating theories that the defendant advanced during the punishment phase of the trial.

An error presented for review on appeal must comport with the objection raised at trial or the error is not preserved. *See Blevins v. State*, 18 S.W.3d 266, 270 (Tex. App.CAustin 2000, no pet.) (citing *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996)). In his stated point of error, appellant claims violations of the Fourth and Fourteenth Amendments to the United States Constitution and

that requires an order to be written and signed before an appointed expert may begin his examination of the defendant on the issue of competency.

If an expert examiner has been appointed under both article 46.02 and article 46.03 (to determine sanity), the admissibility of the examiner=s testimony is determined by the broader provisions of article 46.03. *See* 42 Dix ' 26.38. This permits the examiner to testify for the State as to his opinion that the defendant is sane and as to any statement made by the defendant supporting that opinion. *See De Russe v. State*, 579 S.W.2d 224, 229-30 (Tex. Crim. App. 1979). Further, such examiner may testify on the basis of his entire examination because there is no way for the examiner to compartmentalize his observations, and in testifying as to sanity rely only on those observations made while inquiring into sanity. *See Heflin v. State*, 640 S.W.2d 58, 65 (Tex. App.CAustin 1982, pet. ref=d). In the instant case, Dr. Coons was testifying only in rebuttal at the penalty stage of the trial in which the issues of competency and sanity were not involved. The trial court=s ruling was more favorable to appellant than required.

AC.C.P. art. 38.23.@ The trial objections do not comport with these authorities. An objection stating one legal theory may not be used to support a different legal theory on appeal. *See Rezac*, 782 S.W.2d at 870.

Moreover, article 37.07, section 3(a)(1) of the Code of Criminal Procedure relating to the penalty stage of a bifurcated trial provides in pertinent part that Aevidence may be offered by the state or the defendant as to any matter the court deems relevant to sentencing.@ Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (West Supp. 2003). The admission of psychiatric or psychological testimony at the penalty stage of the trial is within the trial court=s discretion and its decision will not be set aside in absence of an abuse of discretion. *See Clark v. State*, 881 S.W.2d 682, 698 (Tex. Crim. App. 1994).

Generally on rebuttal, the State is entitled to present any evidence that tends to refute a defensive theory and evidence introduced to support that theory. *Yohey v. State*, 801 S.W.2d 232, 236 (Tex. App.CSan Antonio 1990, pet. ref=d) (citing *Flannery v. State*, 676 S.W.2d 364, 370 (Tex. Crim. App. 1984)); *Jensen v. State*, 66 S.W.3d 528, 539 (Tex. App.CHouston [14th Dist.] 2002, pet. filed).[10] When a witness testifies about a specific fact, the opposing party may in rebuttal prove the falsity of such testimony. *See Redding v. State*, 274 S.W.2d 712, 713 (Tex. Crim. App. 1954).

The possibility that rebuttal testimony may encompass extraneous offenses or acts on the part of the defendant does not bar the admission into evidence of such extraneous acts. *Yohey*, 801

---

[10] *See also Laws v. State*, 549 S.W.2d 738, 741 (Tex. Crim. App. 1977); *Arnott v. State*, 498 S.W.2d 166, 177 (Tex. Crim. App. 1973); *Rucker v. State*, 50 S.W.2d 305, 306 (Tex. Crim. App. 1932).

S.W.2d at 236. In *Yohey*, the testimony by a defense psychiatrist that the killings in question were not the result of premeditated acts of the defendant and testimony by the defendant that he did not normally carry a pistol and why he had the pistol at the time of the killings raised a defensive issue authorizing the use of rebuttal testimony. *Id.* at 236. A Amug shot@ of the defendant taken immediately after his arrest was admissible as rebuttal evidence after the defendant raised the issue that he had been physically abused by the police. *See Reyes v. State*, 579 S.W.2d 927, 928 (Tex. Crim. App. 1979); *see also Buchanan v. Kentucky*, 483 U.S. 402, 421-24 (1987); *Penry v. State*, 903 S.W.2d 715,757-60 (Tex. Crim. App. 1995) (where accused=s rights under Fifth and Sixth Amendments to United States Constitution were not violated by rebuttal evidence). The second point of error is overruled.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Justices Kidd, B. A. Smith and Onion [*]

Affirmed

Filed: March 20, 2003

Do Not Publish

\* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).