# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00107-CR
NO. 03-03-00108-CR

**Adrian German, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NOS. 9024194 & 9024195, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In cause number 9024194, a jury found appellant Adrian German guilty of two counts of attempted capital murder and assessed punishment at imprisonment for sixty years. *See* Tex. Pen. Code Ann. §§ 15.01, 19.03 (West 2003). In cause number 9024195, the jury found German guilty of two counts of aggravated robbery and assessed punishment at imprisonment for forty years. *See id.* § 29.03. In two points of error, German contends the district court erred by permitting a witness to invoke the Fifth Amendment privilege against self-incrimination. We will overrule this contention and affirm the convictions.

German and an accomplice, Mitchell Bond, entered a pharmacy, held the manager and pharmacist at gunpoint, and stole money and drugs. During their subsequent flight, German fired shots at two police officers. In his defense, German called as a witness Robert Jordan, a county

jail inmate awaiting trial for murder. Outside the jury's presence, German asked Jordan if he had shared a jail cell with Bond and if Bond had told him that he, Bond, had forced German at gunpoint to shoot at the pursuing police officers. On the advice of counsel, Jordan invoked his privilege against self-incrimination and refused to answer the questions. Jordan's counsel informed the court that his client had made several statements under oath to the police, and that he was concerned that Jordan's testimony at German's trial might result in charges of perjury, making false reports, or obstruction of justice.

German argues that Jordan did not legitimately invoke the Fifth Amendment because he did not show that his testimony would incriminate him with regard to any offense already committed. German asserts that Jordan's concern that his testimony might result in perjury charges was not a proper basis for invoking the Fifth Amendment privilege. German urges that under the circumstances, his Sixth Amendment right to call witnesses on his own behalf was violated by the court's failure to compel Jordan to testify.

A defendant's constitutional right to compulsory process must yield to a witness's constitutional privilege against self-incrimination. *Bridge v. State*, 726 S.W.2d 558, 567 (Tex. Crim. App. 1986); *Chandler v. State*, 744 S.W.2d 341, 342 (Tex. App.—Austin 1988, no pet.). A trial court cannot compel a witness to answer unless it is perfectly clear from a careful consideration of all the circumstances that the witness is mistaken in asserting the privilege and that the answer cannot possibly tend to incriminate the witness. *Grayson v. State*, 684 S.W.2d 691, 696 (Tex. Crim. App. 1984). When a witness invokes the Fifth Amendment privilege on the advice of counsel, no further inquiry by the trial court is required. *Ross v. State*, 486 S.W.2d 327, 328 (Tex. Crim. App.

2

1972); *Suarez v. State*, 31 S.W.3d 323, 329 (Tex. App.—San Antonio 2000, no pet.); *Chennault v. State*, 667 S.W.2d 299, 302 (Tex. App.—Dallas 1984, pet. ref'd).

In *Chandler*, the defendant sought to compel the testimony of his accomplice, who had already been tried and convicted for his role in the criminal incident. 744 S.W.2d at 342. For this reason, the defendant urged that the witness had no basis for claiming the Fifth Amendment privilege. *Id*. We disagreed, holding that the witness's reasonable belief that his testimony might expose him to prosecution for perjury was a legitimate basis for invoking the privilege. *Id*. at 343.

We hold that the district court did not err by refusing to compel Jordan to testify after the witness invoked his Fifth Amendment privilege on the advice of counsel. The points of error are overruled, and the judgments of conviction are affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   September 11, 2003

Do Not Publish

3